**FILED**
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEISHA WHITLOCK<br>906 Emerson Street, N.W<br>Washington, D.C. 20011<br><br>　　　　　Plaintiff<br><br>v.<br><br>CHUCK CONNER<br>Secretary of Agriculture<br>US DEPARTMENT OF AGRICULTURE<br>1400 Independence Avenue, S.W.<br>Washington, D.C. 20250<br>　　　　　Defendant | Case: 1:07-cv-02168<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 11/30/2007<br>Description: Employ. Discrim.<br><br>**JURY ACTION**<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

**NOW COMES** Plaintiff, Keisha Whitlock, by and through undersigned counsel, for the purpose of filing this civil complaint.

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of 1964 Civil Rights Act, hereinafter "Title VII.

2. This action properly lies in the United States District Court for the District of Columbia because Plaintiff's claims arose in the District of Columbia and Defendant is a government employer who is subject to the jurisdiction of this Court.

## PARTIES

3. "Plaintiff" Keisha Whitlock is a citizen of the United States of American and resides in the State of Maryland.

4. Plaintiff is protected by Title VII on the basis of her race.

5. "Defendant" Chuck Conner is currently the Acting Secretary of Agriculture and designated representative of the Department of Agriculture.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely initiated her charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about September 28, 2005. Plaintiff's charge of discrimination alleged that she was discriminated against on the basis of her race, Black; and, gender, female with respect to denial of training/ failure to promote; performance evaluation and merger of her duties.

7. At the conclusion of the formal investigation, Plaintiff elected to have a hearing before the U.S. EEOC.

8. Plaintiff has since withdrawn her request for a hearing and is not invoking her right to adjudicate her claims against Defendant in U.S. District Court.

9. Plaintiff therefore invokes her right to sue in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

10. Plaintiff was hired as a secretary GS-8 in the Office of Budget, Program and Analysis (OBPA) in February 2001. From February 2001 to August 2, 2006, Dennis Kaplan was Plaintiff's first line supervisor. Don Bice became Plaintiff's supervisor on August 2, 2006.

2

Plaintiff initiated her discrimination complaint after she was reassigned on that date. Dennis Kaplan was the selection official who hired Plaintiff in 2001.

11. Plaintiff's second line supervisor was Michael Young, the Associate Director of OBPA. Dennis Kaplan, Don Bice and Michael Young are all Caucasian males. In January 2006, Plaintiff applied for the position of Secretary GS-9/10 which was advertised under vacancy announcement number OBPA-06-079. Plaintiff was not selected for the position and she alleges that the decision was discriminatory against her because of her race and as an act of reprisal for prior EEO activity. The selecting official was Chris Zehren.

12. On March 23, 2005, Plaintiff asked Dennis Kaplan if she could attend administrative training classes at the USDA Training school. Plaintiff alleges that she directed to attend classes that provided training in the field of budgeting, legislative, regulatory systems or computers skills. According to Plaintiff, Dennis Kaplan denied her request and stated that there was no money in the budget for the training costs.

13. Plaintiff further made numerous requests to Dennis Kaplan over the past two years to attend training but all requests were denied. Plaintiff training requests to Mr. Kaplan were made verbally. The only training request to be put in writing was a request to attend the Blacks in Government Conference in May 2005. This request was also denied by Mr. Kaplan. Plaintiff has not attended any training courses during her five years of employment at OBPA. However, other white and non-African American employees have been permitted to attend training.

14. In February 2006, Plaintiff stated that there was a Program Analyst position which was coming open and she had interest in the position. She spoke with Dennis Kaplan and requested either a detail or a class to get training. Dennis Kaplan denied her request but, Aida

3

Negron, a non-African American Secretary reporting to another director was allowed to obtain training for a Secretarial position in the front office.

15. Plaintiff alleges that Aida Negron was compensated at the Secretary GS-9/10 grade and she was compensated at the GS-8 grade even though they did the same job. Plaintiff was unaware of any differences between the responsibilities. Plaintiff requested that Dennis Kaplan evaluate the situation and bring her status in line with that of Aida Negron but, he refused to do so.

16. In 2005, Plaintiff was detailed to OES and the supervision of Ngozi Abolarin. The detail lasted for approximately six months up until January 2006. Plaintiff believes she was sent there on detail because of her complaints against Dennis Kaplan. She further believes that Dennis Kaplan pressured Ngozi Abolarin to overly scrutinize her. Plaintiff found an e-mail from Ngozi Abolarin in which she stated that Plaintiff might file a harassment claim against her. Plaintiff believes that Ms. Abolarin was getting concerned about the harassing nature in which she had been treating her as influenced by Dennis Kaplan.

## COUNT I

### DISPARATE TREATMENT BASED UPON RACE
### IN VIOLATION OF TITLE VII

17. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 16, and incorporate them by reference herein.

18. Plaintiff avers that she was denied requests for job related training at the USDA school.

19. Plaintiff avers that she was denied the opportunity to attend training at Blacks In Government Conference.

20. Plaintiff avers that she was denied training at the Budget, Legislative, and Regulatory System.

21. Plaintiff avers that she was denied requests to update her 2001 position description to reflect duties and wages commensurate with a 2004 position description that was presented to similarly-situated secretaries.

22. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's rescinding of her offer of employment including but not limited to her requiring medical care as a result of stress associated with these events.

## COUNT II

### FAILURE TO PROMOTE BASED ON RACE IN VIOLATION OF TITLE VII

23. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 22, and incorporate them by reference herein.

24. Plaintiff avers that she was denied a promotion to the positions of Legislative Analyst 7/13; Program Analyst 9/12; Secretary Automation 9/10; Administrative Analyst 9/12; and Secretary 9/10.

25. Plaintiff avers that her race was a factor in Defendant's failure to promote her into these positions.

26. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's rescinding of her offer of employment including but not limited to her requiring medical care as a result of stress associated with these events.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her the following relief, namely:

(i) That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate Title VII.

(ii) That Defendant pays Plaintiff a sum in excess of $300,000 for compensatory damages.

(iii) That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees as provided under Title VII in connection with this action.

(iv) That this Court grants other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted on behalf of Plaintiff;

_____
Nathaniel D. Johnson, Esq. (Federal Bar #14729)
Richard Lloyd Thompson, II, Esq. (D.C. # 448816)
*Of Counsel*
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, MD 20602
301-645 - 9103
301-861-0411 (fax)

November 29, 2007

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Nathaniel D. Johnson
KEiSHA WHiTLoCK

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

3475 Leonardtown Road
Waldorf, MD 20602
NATHANiEL D. JOHNSON
301.645.9103

## DEFENDANTS
Secretary Chuck Conner

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-02168
Assigned To : Friedman, Paul L.
Assign. Date : 11/30/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the 1964 Civil Rights Act    *42 USC 2000*

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ 300,000    Check YES only if demanded in complaint    JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  November 29, 2007 / 30    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.