UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEISHA WHITLOCK<br>906 Emerson Street, N.W<br>Washington, D.C. 20011<br><br>　　　　　　Plaintiff<br><br>　v.<br><br>CHUCK CONNER<br>Secretary of Agriculture<br>US DEPARTMENT OF AGRICULTURE<br>1400 Independence Avenue, S.W.<br>Washington, D.C. 20250<br>　　　　　　Defendant | Civil No: 07-2168 (PLF)<br><br>JURY TRIAL REQUESTED |

## AMENDED COMPLAINT

**NOW COMES** Plaintiff, Keisha Whitlock, by and through undersigned counsel, for the purpose of filing this amended civil complaint in accordance with F.R.C.P. 15 as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to Title VII of 1964 Civil Rights Act, hereinafter "Title VII.

2. This action properly lies in the United States District Court for the District of Columbia because Plaintiff's claims arose in the District of Columbia and Defendant is a government employer who is subject to the jurisdiction of this Court.

1

## PARTIES

3. "Plaintiff" Keisha Whitlock is a citizen of the United States of American and resides in the State of Maryland.

4. Plaintiff is protected by Title VII on the basis of her race.

5. "Defendant" Chuck Conner is currently the Acting Secretary of Agriculture and designated representative of the Department of Agriculture.

## ADMINISTRATIVE PROCEDURES

6. Plaintiff timely initiated her charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about September 28, 2005. Plaintiff's charge of discrimination alleged that she was discriminated against on the basis of her race, Black; and, gender, female with respect to denial of training/ failure to promote; performance evaluation and merger of her duties.

7. At the conclusion of the formal investigation, Plaintiff elected to have a hearing before the U.S. EEOC.

8. Plaintiff has since withdrawn her request for a hearing and is not invoking her right to adjudicate her claims against Defendant in U.S. District Court.

9. Plaintiff therefore invokes her right to sue in that she has satisfied all administrative and judicial prerequisites to the institution of this action.

## STATEMENT OF FACTS

10. Plaintiff was hired as a secretary GS-8 in the Office of Budget, Program and Analysis (OBPA) in February 2001. From February 2001 to August 2, 2006, Dennis Kaplan was Plaintiff's first line supervisor. Don Bice became Plaintiff's supervisor on August 2, 2006.

Plaintiff initiated her discrimination complaint after she was reassigned on that date. Dennis Kaplan was the selection official who hired Plaintiff in 2001.

11. Plaintiff's second line supervisor was Michael Young, the Associate Director of OBPA. Dennis Kaplan, Don Bice and Michael Young are all Caucasian males. In January 2006, Plaintiff applied for the position of Secretary GS-9/10 which was advertised under vacancy announcement number OBPA-06-079. Plaintiff was not selected for the position and she alleges that the decision was discriminatory against her because of her race and as an act of reprisal for prior EEO activity. The selecting official was Chris Zehren.

12. On March 23, 2005, Plaintiff asked Dennis Kaplan if she could attend administrative training classes at the USDA Training school. Plaintiff alleges that she directed to attend classes that provided training in the field of budgeting, legislative, regulatory systems or computers skills. According to Plaintiff, Dennis Kaplan denied her request and stated that there was no money in the budget for the training costs.

13. Plaintiff further made numerous requests to Dennis Kaplan over the past two years to attend training but all requests were denied. Plaintiff training requests to Mr. Kaplan were made verbally. The only training request to be put in writing was a request to attend the Blacks in Government Conference in May 2005. This request was also denied by Mr. Kaplan. Plaintiff has not attended any training courses during her five years of employment at OBPA. However, other white and non-African American employees have been permitted to attend training.

14. In February 2006, Plaintiff stated that there was a Program Analyst position which was coming open and she had interest in the position. She spoke with Dennis Kaplan and requested either a detail or a class to get training. Dennis Kaplan denied her request but, Aida

3

Negron, a non-African American Secretary reporting to another director was allowed to obtain training for a Secretarial position in the front office.

15. Plaintiff alleges that Aida Negron was compensated at the Secretary GS-9/10 grade and she was compensated at the GS-8 grade even though they did the same job. Plaintiff was unaware of any differences between the responsibilities. Plaintiff requested that Dennis Kaplan evaluate the situation and bring her status in line with that of Aida Negron but, he refused to do so.

16. In 2005, Plaintiff was detailed to OES and the supervision of Ngozi Abolarin. The detail lasted for approximately six months up until January 2006. Plaintiff believes she was sent there on detail because of her complaints against Dennis Kaplan. She further believes that Dennis Kaplan pressured Ngozi Abolarin to overly scrutinize her. Plaintiff found an e-mail from Ngozi Abolarin in which she stated that Plaintiff might file a harassment claim against her. Plaintiff believes that Ms. Abolarin was getting concerned about the harassing nature in which she had been treating her as influenced by Dennis Kaplan.

## COUNT I

### DISPARATE TREATMENT BASED UPON RACE
### IN VIOLATION OF TITLE VII

17. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 16, and incorporate them by reference herein.

18. Plaintiff avers that she was denied requests for job related training at the USDA school.

19. Plaintiff avers that she was denied the opportunity to attend training at Blacks In Government Conference.

20. Plaintiff avers that she was denied training at the Budget, Legislative, and Regulatory System.

21. Plaintiff avers that she was denied requests to update her 2001 position description to reflect duties and wages commensurate with a 2004 position description that was presented to similarly-situated secretaries.

22. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's rescinding of her offer of employment including but not limited to her requiring medical care as a result of stress associated with these events.

## COUNT II

### FAILURE TO PROMOTE BASED ON RACE
### IN VIOLATION OF TITLE VII

23. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 22, and incorporate them by reference herein.

24. Plaintiff avers that she was denied a promotion to the positions of Legislative Analyst 7/13; Program Analyst 9/12; Secretary Automation 9/10; Administrative Analyst 9/12; and Secretary 9/10.

25.  Plaintiff avers that her race was a factor in Defendant's failure to promote her into these positions.

26. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's rescinding of her offer of employment including but not limited to her requiring medical care as a result of stress associated with these events.

## COUNT III

### RETALIATORY DISCHARGE

27. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 26, and incorporate them by reference herein.

28. Plaintiff engaged in protected activity when she filed discrimination complaints against her employer.

29. Plaintiff was terminated from her employment February 2008 after she engaged in protected activity.

30. Plaintiff avers that and that there is a casual connection between the protected activity that she engaged in and the adverse employment actions she suffered, namely termination from her employment.

31. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's rescinding of her offer of employment including but not limited to her requiring medical care as a result of stress associated with these events.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her the following relief, namely:

(i)  That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate Title VII.

(ii)  That Defendant pays Plaintiff a sum in excess of $300,000 for compensatory damages.

(iii)  That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees as provided under Title VII in connection with this action.

(iv)  That this Court grants other and such further relief to the Plaintiff as it deems just and proper.

Respectfully submitted on behalf of Plaintiff;

_____/S/_____
Nathaniel D. Johnson, Esq. (Federal Bar #14729)
Richard Lloyd Thompson, II, Esq. (D.C. # 448816)
*Of Counsel*
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, MD 20602
301-645 - 9103
301-861-0411 (fax)

February 8, 2008

## Certificate of Service

I, Nathaniel D. Johnson, certify that on this date, February 8, 2008, the foregoing Amended Complaint was sent, via ECF, to the following addressee:

John Interrante, AUSA

                                                         Nathaniel D. Johnson:  /S/