IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KEISHA WHITLOCK )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>ED SCHAFER[1], )<br>SECRETARY, )<br>DEPARTMENT OF AGRICULTURE )<br>    Defendant. )<br> ) | Civil Action No. 07-2168(PLF)<br>ECF |

# ANSWER

Defendant, Ed Schafer, in his official capacity as Secretary of the United States Department of Agriculture ("Defendant"), through the undersigned counsel, hereby answers the Complaint filed in the above-styled action as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on all claims raised in the Complaint.

---

[1] Edward Schafer was sworn in as the 29th Secretary of the U.S. Department of Agriculture on January 28, 2008, replacing Acting Secretary Chuck Conner. He is substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant further responds to Plaintiff's Complaint as follows by responding to the numbered paragraphs of the Complaint:

## JURISDICTION AND VENUE

1. Paragraph one is Plaintiff Keisha Whitlock's ("Plaintiff") statement regarding this Court's jurisdiction to hear her claim, not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendant denies.

2. Paragraph two is Plaintiff's statement of jurisdiction over this action not an averment of fact for which an answer is required. To the extent that an answer is deemed necessary, Defendant denies.

## PARTIES

3. Paragraph three purports to identify Plaintiff's citizenship and current state of residence. Defendant is without knowledge or information sufficient to admit or deny this statement.

4. Defendant admits the allegations in paragraph four.

5. Defendant admits the allegations in paragraph five with clarification. Defendant admits that Chuck Conner is the former Acting Secretary of the United States Department of Agriculture and was sued in his official capacity. Ed Schafer is the current Secretary of the United States Department of Agriculture.

**ADMINISTRATIVE PROCEDURES**

6. The first sentence of paragraph six constitutes Plaintiff's legal conclusion regarding timeliness of Plaintiff's charge of discrimination to which no response is required. To the extent that a response is required, Defendant denies the first sentence of Paragraph 6. Defendant admits the remainder of paragraph six.

7. Defendant admits the allegations in paragraph seven.

8. Defendant denies the first part of sentence one of paragraph eight in which Plaintiff states that she has since withdrawn her request for a hearing. Upon Plaintiff's request, the administrative judge dismissed Plaintiff's complaint from the hearing process and returned the matter to the Agency for issuance of a Final Agency Decision. A Final Agency Decision was issued on November 19, 2007, in which the Agency found that discrimination did not occur with regard to the allegations raised in Plaintiff's EEOC complaint. Defendant is without knowledge or information sufficient to admit or deny the remainder of paragraph eight since Plaintiff states that she is "not" invoking her right to adjudicate her claims against Defendant in U.S. District Court.

9. Paragraph nine contains Plaintiff's legal conclusion that she has satisfied all administrative and judicial prerequisites to the institution of this action, a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant denies.

10. Defendant admits sentence one of paragraph ten in that Plaintiff was hired as a secretary GS-8 in the Office of Budget Program and Analysis ("OBPA") in February 2001. Defendant denies sentences 2 and 3 of paragraph ten with clarification. Dennis Kaplan was Plaintiff's first line supervisor from Feburary 2001 to August 5, 2006 and

Don Bice became Plaintiff's first line supervisor on August 6, 2006. Defendant denies sentence four of paragraph ten with clarification.  Plaintiff initiated her complaint on May 3, 2005. Plaintiff admits sentence five of paragraph ten.

      11.  Defendant admits the first three sentences of paragraph 11.  Regarding sentence four of paragraph 11, Defendant admits that Plaintiff was not selected for the position of Secretary GS-9/10, but denies the remainder of sentence four. Defendant admits sentence five of paragraph 11.

      12.  Defendant is without knowledge or information sufficient to admit or deny sentences one and two of paragraph 12.  Defendant denies the remainder of paragraph 12.

      13.  Defendant is without knowledge or information sufficient to admit or deny sentence one of paragraph 13.  Defendant admits sentence 2 of paragraph 13 with clarification.  Plaintiff's initial training requests were made verbally to Mr. Kaplan but when Mr. Kaplan told Plaintiff to clarify and logically support her requests in writing, a procedure Mr. Kaplan generally applies for training requests, Plaintiff did not submit the information.  Defendant denies sentence three of paragraph 13.  Defendant admits sentence four of paragraph 13 with clarification.  Defendant told Plaintiff to put her request for funding to attend the Blacks in Government Conference in writing.  Plaintiff did not.  Instead, Plaintiff made an oral request to her second level supervisor, Larry Wachs, for funding to attend the conference.  A meeting was held with Plaintiff, Larry Wachs, and Dennis Kaplan where Mr. Kaplan and Mr. Wachs denied Plaintiff's request.  Defendant is without knowledge or information sufficient to admit or deny sentence five of paragraph 13.  Defendant admits sentence six of paragraph 13 with clarification.  While Defendant admits that white and non-African American employees have been

4

permitted to attend training, the Defendant denies that white and non-African American employees have been approved for funding for similar conferences by Mr. Kaplan.

14. Defendant is without knowledge or information sufficient to admit or deny .sentence one of paragraph 14. Defendant admits sentence two of paragraph 14. Defendant denies the first part of sentence three in paragraph 14 in which Plaintiff alleges that Dennis Kaplan denied her request. Defendant is without knowledge or information sufficient to admit or deny the rest of paragraph 14.

15. Defendant denies the first two sentences of paragraph 15. Defendant denies sentence three of paragraph 15 with clarification. Plaintiff requested that Dennis Kaplan evaluate the situation and bring her payment level in line with that of Aida Negron. Mr. Kaplan considered Plaintiff's request but told Plaintiff that Ms. Negron had a higher salary level because she had more job duties than Plaintiff. When Plaintiff requested that she be given more job duties, Mr. Kaplan informed Plaintiff that he no more job duties that he could offer her.

16. Defendant admits to the first two sentence of paragraph 16. Defendant is without knowledge or information sufficient to admit or deny the remainder of paragraph 16.

### COUNT I

### Disparate Treatment Based Upon Race in Violation of Title VII

17. Defendant incorporates by reference each and every response stated in the response to Paragraphs 1 through 16 as if fully stated herein.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19 with clarification. Defendant denied Plaintiff agency funding to attend the Blacks in Government Conference.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

## COUNT II

### Failure to Promote Based on race in Violation of Title VII

23. Defendant incorporates by reference each and every Answer stated in the response to Paragraphs 1 through 22 as if fully stated herein.

24. Defendant denies the allegations in paragraph 24 with clarification. Defendant admits that Plaintiff was not selected for the position of Secretary (Office Automation) OBPA-06-079, GS-0318-9/10. Defendant denies the remainder of paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

## COUNT III

### Retaliatory Discharge

27. Defendant incorporates by reference each and every response stated in the response to Paragraphs 1 through 26 as if fully stated herein.

28. Defendant admits the allegations in paragraph 28 with clarification. Plaintiff engaged in protected activity when she filed a complaint with the Office of Civil Rights on September 29, 2005.

29. Defendant denies the allegations in paragraph 29 with clarification. Plaintiff was terminated from her employment as secretary, GS-318-8, at the United States Department of Agriculture on February 1, 2008 after her supervisor filed a Notice of Proposal to Suspend on September 17, 2007 due to Plaintiff's submitting incorrect information on a transit subsidy application, transferring federal transit subsidy benefits to another person, absence without approved leave, and failure to follow leave requesting procedures.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

The remainder of the Complaint is Plaintiff's Prayer for Relief to which no answer is required. To the extent an answer may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant avers that any compensatory damages award would be subject to and limited by 42 U.S.C. § 1981a, and that any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in Plaintiff's Complaint that are not clearly and specifically admitted herein.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action, and for such other relief as may be appropriate.

Dated: May 29, 2008

        Respectfully submitted,

        \_/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        \_/s/_____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney


        \_/s/_____
        MEGAN M. WEIS
        Special Assistant U.S. Attorney
        United States Attorney's Office
        Civil Division
        555 4th Street, NW
        Washington, D.C. 20530