## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
KEISHA WHITLOCK                         )
            Plaintiff,                  )
                                        )    Civil Action No. 07-2168 (PLF)
        v.                              )    ECF
                                        )
ED SCHAFER[1],                          )
SECRETARY,                              )
DEPARTMENT OF AGRICULTURE               )
            Defendant.                  )
_____)

## **DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Plaintiff brings this action against Ed Schafer, the Secretary of Agriculture for the U.S.

Department of Agriculture ("Defendant") pursuant to Title VII of 1964 Civil Rights Act.

Defendant hereby moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1)

and 12(b)(6) to partially dismiss the complaint for Plaintiff's failure to exhaust administrative

remedies.  Plaintiff's alleged denial of promotions for the positions of Legislative Analyst 7/13;

Program Analyst 9/12; Secretary Automation 9/10; and Administrative Analyst 9/12, and her

claim of retaliatory discharge are all untimely and should be dismissed.

In support of this Motion, Defendant respectfully refers the Court to the accompanying

Memorandum of Points and Authorities and attached exhibits.  Because this is a dispositive

motion, Defendant has not sought Plaintiff's consent.  *See* L. Civ. R. 7(m).

---

[1]  Edward Schafer was sworn in as the 29th Secretary of the U.S. Department of Agriculture on January 28, 2008, replacing Acting Secretary Chuck Conner.  He is substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Dated: May 29, 2008

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
KEISHA WHITLOCK                         )
            Plaintiff,                  )
                                        )    Civil Action No. 07-2168(PLF)
        v.                              )    ECF
                                        )
ED SCHAFER[1],                          )
SECRETARY,                              )
DEPARTMENT OF AGRICULTURE               )
            Defendant.                  )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES  IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

For the reasons stated below, Defendant Ed Schafer, the Secretary of Agriculture for the

U.S. Department of Agriculture ("Defendant") hereby respectfully moves, pursuant to Federal

Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), to partially dismiss the amended

complaint ("Complaint") filed by Plaintiff Keisha Whitlock ("Plaintiff") in this action.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a former secretary, GS-8, at the Office of Budget Program Analysis ("OBPA")

in the United States Department of Agriculture ("Defendant" or "USDA").  See Plaintiff's

Amended Complaint at ¶ 10 (Dkt. No. 4).

According to USDA records, Plaintiff made initial contact with Equal Employment

Opportunity ("EEO") counselor on May 3, 2005.  See Exhibit 1, p. 2.  After informal EEO

counseling, Plaintiff received a Notice of Right to File a Formal [EEO] Complaint on September

---

[1] Edward Schafer was sworn in as the 29th Secretary of the U.S. Department of Agriculture on January 28, 2008, replacing Acting Secretary Chuck Conner.  He is substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d)(1).

9, 2005.  Id. at. 3.  Plaintiff filed a formal EEO complaint on September 29, 2005.  Id.  Plaintiff

identified four general claims in her original EEO complaint.  Exhibit 2, p. 2.  Plaintiff claimed

she was denied training, that co-workers who did similar duties were paid more than she, that she

never received bonus pay, and that her "assignment of duties were changed when it was agreed

upon" and "later changed reduced."  Id.

On November 8, 2005, USDA's Office of Civil Rights[2] ("OCR") sent a letter to Plaintiff

requiring clarification of her claims and bases of discrimination before they could properly

identify claims for investigation.  See Exhibit 3.  On February 17, 2006, Plaintiff filed a letter

clarifying her original claims and adding several new claims.  See Exhibit 4.  On March 15,

2006, OCR sent Plaintiff a letter identifying the claims that they accepted and referred for

investigation.  See Exhibit 5.  The claims that were referred for investigation were Plaintiff's

claims of discrimination based on race (African American) and retaliation (prior EEO complaint:

10/28/2002) pertaining to:

> 1.  Training:
> a) on March 23, 2005, Dennis Kaplan denied her request to take
> any job related course at the USDA Graduate School;
> b) on May 3, 2005, Dennis Kaplan denied her request to attend
> training at the Blacks in Government (BIG) Conference;
> c) on January 31, 2006, Mr. Kaplan continued to deny training
> when he denied the Complainant's request to take any job related
> course at the USDA Graduate School;
> d) on February 2, 2006, Mr. Kaplan continued to deny training
> when he denied the Complainant's request for Budget, Legislative,
> and Regulatory training.
>
> 2.  Wage Disparity:
> a)  in April 2005, the Complainant notified Dennis Kaplan that she
>        was performing the same duties as Aida Negron (non-African

---

[2] USDA's Office of Civil Rights was renamed the Office of Adjudication and Compliance ("OAC") as part of a reorganization occurring on March 12, 2007.

American, no prior EEO activity, grade GS-9/10) but was paid
at a lower grade (GS-8 level).  Mr. Kaplan did not take action.

3.  Non-selection: [3]
a)  On January 31, 2006, the Complainant discovered that she was
not selected for the position of Secretary (Office Automation),
GS-0318-9/10, advertised under vacancy announcement
number OBPA-06-030.

4.  Harassment and hostile work environment:
a)  On January 13, 2006 the Complainant discovered an email
from Ngozi Abolarin stating, "Keisha will probably file a
harassment claim against me.  She's talking about all kinds of
evidence that she has.  OBPA got rid of her because she just
filed and [sic] EEO claim against them when they would not let
her go to BIG."
b)  Since February 2, 2006, Dennis Kaplan has denied the
Complainant's requests to update her 2001 position description
to reflect duties and wages that are commensurate with a 2004
position description provided to similarly situated secretaries.

Id.

Plaintiff amended her EEO complaint again on August 3, 2006, again adding additional

claims.  See Exhibit 6.  On August 17, 2006, OCR sent a letter to Plaintiff detailing the claims

that were accepted and referred for investigation.  See Exhibit 7.  The letter repeated the

previously accepted claims and added:

Assignment of Duties and Continuing Disparate Treatment and Wage Disparity
1)  Management eliminated her job duties by giving them to an intern, and
2)  On August 2, 2006, management assigned the Complainant a new job description,
which combines two jobs into one, and refused to compensate her for the increase in
duties.

Id. at 33.

Each time OCR accepted a new claim, Plaintiff was given seven days to submit a written

statement addressing her concerns of OCR's articulation of the accepted claims.  Id. at 3; Exhibit

5, p. 4.  Plaintiff never addressed OCR's articulation of the claims by filing a written statement.

---

[3] The letter from OCR incorrectly assigned this claim a numeral 2.

On March 2, 2007, Plaintiff elected to have a hearing before the Equal Employment Opportunity Commission ("EEOC") in this matter.  See Exhibit 8, p. 3.  On August 22, 2007, upon Plaintiff's request, the EEOC administrative judge dismissed the complaint from the hearing process and returned the matter to USDA for issuance of a final agency decision.  Id.

USDA issued a final agency decision on November 19, 2007.  Id.  On November 30, 2007, Plaintiff filed a complaint in the instant action before the United States District Court for the District of Columbia alleging employment discrimination.  See Plaintiff's Complaint (Dkt. No. 1).  Plaintiff subsequently filed an Amended Complaint ("Complaint") on February 8, 2008. See Plaintiff's Amended Complaint (Dkt. No. 4).  Plaintiff alleges in Count II of her Complaint that she was denied a promotion to the positions of Legislative Analyst 7/13; Program Analyst 9/12; Secretary Automation 9/10; Administrative Analyst 9/12; and Secretary 9/10.  Id. at 5.  Of the five positions that Plaintiff alleges she was denied promotions due to disparate treatment based on her race, only one was raised at the administrative level: the denial of promotion for the position of Secretary.  See Exhibit 7, p. 2.  USDA has no record of any formal EEOC complaint by Plaintiff regarding denial of promotion to the position of Legislative Analyst, Program Analyst, Administrative Analyst, or Secretary Automation.  See Exhibits 1-7.

Plaintiff was terminated from her employment at the USDA on February 1, 2008.  See Exhibit 9, p. 3.  On February 8, 2008, Plaintiff amended her complaint, adding a claim of retaliatory termination as Count III.  See Plaintiff's Amended Complaint, p. 6 (Dkt. No. 4). Plaintiff filed an appeal with the MSPB on February 29, 2008, approximately twenty-one days after she had amended her complaint before this court, to include a charge of retaliatory termination.  See Exhibit 9.

## **ARGUMENT**

Failure to Exhaust Administrative Remedies Results in Dismissal of Plaintiff's Claims

"Dismissal results when a plaintiff fails to exhaust administrative remedies." Thrash v.

Library of Congress, 2006 WL 463251 (D.C. Cir. 2006) (citing Gillet v. King, 931 F.Supp 9, 12-

13 (D.D.C. 1996) (dismissing plaintiff's Title VII claim for failure to exhaust administrative

remedies)).[4]

Compliance with the procedures and time lines for administrative review are mandatory.

"Complainants *must* timely exhaust these administrative remedies before bringing their claims to

court." Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Battle v. Rubin, 121 F.

Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints

and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40,

42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII

action"). As the U.S. Supreme Court has stated, "strict adherence to the procedural requirements

---

[4] There exists some uncertainty within this District regarding whether a failure to properly exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion. Compare Mills v. Billington, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); Williams v. Chertoff, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); *with Holmes v. PHI Serv. Co.,* 437 F. Supp. 2d. 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); Walker v. Paulson, Civ. A. No. 06-1115 (PLF), 2007 WL 1655879, at * 2 (D.D.C. June 7, 2007) (same); see also Rann v. Chao, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); Mianegaz v. Hyatt Corp., 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); Marcelus v. Corr. Corp. of Am. / Corr. Treatment Facility, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," noting inconsistencies among courts in the D.C. Circuit). However, much like in Rann, the distinction for purposes of this Motion is academic as dismissal is appropriate regardless of whether the Court relies on Rule 12(b)(1) or Rule 12(b)(6). Defendant moves under Rule 12(b)(6) because he understands that this Court does not consider a failure to properly exhaust to be a jurisdictional defect; but rather to be an affirmative defense. See Walker, 2007 WL 1655879, at * 2 (Friedman, J.).

specified by the legislature is the best guarantee of evenhanded administration of the law."

National Railroad Passenger Corporation v. Morgan, 536 U.S. 101, 108 (2002) (quoting

Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

      The reason for this result is clear. The exhaustion requirement "serves the important

purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt

adjudication and decision." Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 472, n. 325 (D.C.

Cir. 1976). Moreover, it "gives federal agencies an opportunity to handle matters internally

wherever possible" and "ensure(s) that the federal courts are burdened only when reasonably

necessary." Brown v. Marsh, 777 F.2d. 8, 14 (D. C. Cir 1985).

      Under the statutory framework a plaintiff must exhaust his or her administrative remedies

and the agency must be given the initial opportunity to resolve the issue internally. Lamont v.

Forman Bros. Inc., 410 F. Supp. 912, 917 (D.D.C. 1976). The agency is unable to carry out its

responsibilities under Title VII if it is not timely and fully informed of the basis of the complaint.

Furthermore, as the court observed in Milton v. Weinberger, 645 F.2d 1070, 1077 (D.C. Cir.

1981), the reasons for limiting claims to present violations is to "protect employers from the

burden of defending claims arising from employment decisions that are long past." Delaware

State College v. Rick, [449] U.S. [261] (1980). Accordingly, the failure of plaintiff to avail

himself of these procedures results in dismissal of the claims. Brown v. General Services

Administration, 425 U.S. 820, 832. Summary judgment or dismissal is appropriate in cases

where the plaintiff has failed to exhaust administrative remedies.  Jensen v. Frank,

912 F.2d 517 (1st Cir. 1990); Saltz v. Lehman, 672 F.2d 207 (D.C. Cir. 1982); EEOC v.

Boorstin, 751 F.2d 1405 (D.C. Cir. 1985); DeMedina v. Reinhardt, 444 F. Supp. 573

(D.D.C. 1978).

The exhaustion requirement is not a mere technicality. The Court of Appeals has admonished that a district court should not "allow liberal interpretation of an administrative charge to permit a litigant to bypass the title VII administrative process." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir.1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). Moreover, under National Railroad, *each* incident of discrimination and *each* retaliatory adverse employment decision "constitutes a separate actionable 'unlawful employment practice,'" for which a timely administrative complaint must be filed. National Railroad 536 U.S. 101, 113.

Plaintiff alleged a denial of promotion or non-selection at the administrative level for the position of Secretary 9/10. See Exhibit 6. Plaintiff did not allege denials of promotion or non-selections for the positions of Legislative Analyst 7/13, Program Analyst 9/12, Secretary Automation 9/10, or Administrative Analyst 9/12 at the administrative level. See Exhibits 1-7. Plaintiff has failed to exhaust administrative remedies regarding the alleged denials of promotion for the positions of Legislative Analyst 7/13; Program Analyst 9/12; Secretary Automation 9/10; and Administrative Analyst 9/12, and consequently those claims should be dismissed.

Administrative Procedure for Denials of Promotion

Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission." Bowden, 106 F.3d 433, 437; 29 C.F.R. Part 1614 (Federal Sector Equal Employment Opportunity). The EEOC's regulations provide that "aggrieved" employees who allege they have been discriminated against must first consult an agency EEO counselor before filing a complaint of discrimination and must

do so within 45 days of the "matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. §1614.105(a)(1).

If the matter is not resolved through informal counseling, the aggrieved employee must, within 15 days, file a written complaint with the agency that allegedly discriminated against him. 29 C.F.R. §1614.106(a)-(c). The agency must investigate the matter within 180 days or reject the complaint and issue a final dismissal. Id. at § 1614.106(d)(2). At the conclusion of the agency's investigation, the complainant may request a hearing before an EEOC administrative judge or an immediate final decision by the agency. Id. at § 1614.108(f). If the employee chooses the former, the EEOC administrative judge will conduct a hearing and make factual and legal findings, which will be transmitted to the agency as a recommended decision. The agency then issues a final decision. Id. at §§ 1614.109(g) and .110.

A complainant who receives a final adverse decision from his agency may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. If the complainant appeals to the EEOC, he must file a civil action within 90 days of receiving the EEOC's decision. 29 C.F.R. §1614.408; see also Wilson v. Pena, 79 F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d Cir. 1999). Alternatively, a complainant also may file a civil action at any time after his complaint has been pending before the agency or the EEOC for at least 180 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

Plaintiff, in the instant case, did not follow the procedures described above regarding her allegations of employment discrimination for denials of promotions for the positions of Legislative Analyst 7/13, Program Analyst 9/12, Secretary Automation 9/10, or Administrative Analyst 9/12 because she failed to allege these claims at the administrative level. Thus, Plaintiff

did not exhaust her administrative remedies regarding her claims of employment discrimination based on denials of promotions for the above positions.

<u>Administrative Procedure for Retaliatory Termination</u>

Plaintiff was terminated from her employment at the USDA on February 1, 2008.  <u>See</u> Exhibit 9, p. 3.  Plaintiff's allegation of retaliatory termination is a "mixed case" complaint.  A mixed case complaint is a "complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age, or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board ('MSPB')."  29 C.F.R. § 1614.302(a)(1).  An aggrieved person may initially file a mixed case complaint *only* with an agency (through the EEOC) or with the MSPB.  5 C.F.R. § 1201.151 (emphasis added); <u>also</u> <u>see</u> <u>Butler v. West</u>, 164 F.3d 634, 638, 334 U.S. App. D.C. 55, 59 (D.C.Cir.1999).

Plaintiff filed her complaint for retaliatory termination with the MSPB on February 29, 2008.[5]  <u>See</u> Exhibit 9.  However, approximately twenty-one days before her MSPB filing, Plaintiff amended her complaint to include a claim of retaliatory termination as Count III.  <u>See</u> Plaintiff's Amended Complaint, p. 6 (Dkt. No. 4).  Plaintiff is required to file her administrative claim for retaliatory termination *before* she filed her claim with the District Court.  <u>Hooker-Robinson v. Rice</u>, 2006 WL 2130652 (D.D.C 2006) (emphasis added) ("the rule is simple: file in the time allotted, and neither before nor after").  Then, the MSPB must either issue a decision on her MSPB appeal or a specific amount of time (120 days from the date Plaintiff filed her MSPB appeal) must lapse without a decision being issued before she may appeal the claim to the District Court.  5 U.S.C. § 7702(a)(1).

---

[5] Removal from a job is an action appealable to the MSPB.  5 U.S.C. § 7512.

In this case, Plaintiff erred under both requirements. Plaintiff did not file her claim with the MSPB before filing the claim with the District Court. Plaintiff filed her MSPB claim on February 29, 2008. <u>See</u> Exhibit 9. Plaintiff amended her judicial complaint to include her claim of retaliatory termination on February 8, 2008. <u>See</u> Plaintiff's Amended Complaint, p. 6 (Dkt. No. 4). Further, the MSPB has not yet ruled on Plaintiff's claim nor has 120 days passed since Plaintiff filed her claim. <u>See</u> Exhibit 9. Therefore, Plaintiff has not exhausted her administrative remedy for her claim of retaliatory termination.

## <u>CONCLUSION</u>

For the reasons stated above, Defendant respectfully asks this Court to dismiss Plaintiff's claims of employment discrimination based on denials of promotions for the positions of Legislative Analyst 7/13, Program Analyst 9/12, Secretary Automation 9/10, or Administrative Analyst 9/12 and her claim of retaliatory discharge.

Dated: May 29, 2008

Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_/s/_____
MEGAN M. WEIS
Special Assistant U.S. Attorney
United States Attorney's Office
Civil Division
555 4th Street, NW
Washington, D.C. 20530

# EEO MEDIATION REPORT



**UNITED STATES DEPARTMENT OF AGRICULTURE**

## OFFICE OF CIVIL RIGHTS

**COMPLAINANT:** Keisha Whitlock

**For Informal Complaint #: CRSD-2005-00548**

Prepared By: **Nashira Marshall**
**EEO Specialist**
**Office of Civil Rights**
**Civil Rights Services Division**

This document is for <u>OFFICIAL USE ONLY</u>



EXHIBIT

1

I       37

# EEO MEDIATION Report
## U.S. Department of Agriculture
## Office of Civil Rights

Complaint Type:          Individual [X]          Class [  ]

**COMPLAINANT INFORMATION:**                    **REPRESENTATIVE:**

Name (First, MI, Last)/Address:                Name (First, MI, Last)/Address:

Keisha Whitlock                                None
906 Emerson Street, N.W
Washington, D.C. 20011

Title/Series/Grade:

Secretary/GS-318-8/4

Alleged Discriminating Agency's Address:
United States Department of Agriculture
Office of Budget and Program Analysis
1400 Independence Avenue, S.W., Jamie L. Whitten Building
Washington, DC  20250

Work Telephone: (202) 720-6668- at the time of initial contact
                (202) 720-8266- at the time of Formal Filing

Home Telephone: (202) 723-3336- at the time of initial contact
                (202) 291-1171- at the time of Formal Filing

Anonymity Requested:          Yes [ ]          No [X]

Election Between EEO Counseling and ADR:  (Check appropriate box)

ADR [X] (See Attachment A-4)                    Counseling [ ]

If counseling, indicate whether an extension was granted in writing:          Yes [ ]    No [X]

## CHRONOLOGY OF EEO COUNSELING ACTIVITY:

| | |
|---|---|
| Date of Most Recent Alleged Discriminatory Event: | March of 2005 |
| Date Complainant Became Aware of the Most Recent Event: | March of 2005 |
| Date of Initial Contact: | May 3, 2005 |

Date of Mediation Session:[1]                                    N/A
Date Notice of Right to File (NRF) Issued:                      September 9, 2005
Certified Return Receipt Article Number:                       70001670001189878700
Date Complainant Received NRF via Certified Mail:              Unclaimed
Date Complainant Signed for NRF (if hand-delivered):          N/A
Date Formal EEO Complaint considered filed:                    September 29, 2005

## COMPLAINT INFORMATION:

**Issue (Precise Description):** Equal Pay Act Violation pertaining to assignment of duties, terms/conditions of employment, and training.

**Date of Issue:** March of 2005

**Bases:** sex (female), race (African American), and reprisal (prior EEO activity)

Have the same complaint issue(s) been raised in either of the following forums?
Yes [ ]  If yes, check appropriate box below and indicate the date of filing.   NO [X]

                                                                Date Filed

    [ ] Negotiated Grievance (with supporting documentation)      _____
    [ ] MSPB Appeal (with supporting documentation)               _____
    [ ] Prior EEO Complaint(s) (with supporting documentation)    _____
    [ ] Civil Action (with supporting documentation)             _____

## RESPONDING MANAGEMENT OFFICIALS (RMOs) INFORMATION

Name (First, MI, Last), Title:          Deputy Director, Dennis Kaplan
Agency/Address:                         Office of Budget & Program Analysis
                                        USDA Washington, DC 20250

Work Telephone Number:                  202/720-6667
Relationship to Complainant:            Immediate Supervisor

Name (First, MI, Last), Title:          Acting Director, Lawrence Wachs
Agency/Address:                         Office of Budget & Program Analysis
                                        USDA Washington, DC 20250

Work Telephone Number:                  202/720-5303
Relationship to Complainant:            Secondary Supervisor

## SUMMARY OF FACTS:

[1] CPRC made several attempts to contact Ms. Whitlock to arrange mediation; however those attempts were unsuccessful and mediation was closed on August 1, 2005.

3      **39**

Ms. Keisha Whitlock, hereafter referred to as the Aggrieved, contacted the Office of Civil Rights (CR) on May 3, 2005, expressing an interest in filing an EEO complaint. On May 3, 2005, CR faxed the Aggrieved Informal Intake Material and advised her that her completed Intake forms should be returned to CR for processing. The Aggrieved returned her completed Intake forms on May 4, 2005, whereby she indicated she was filing an Informal EEO complaint based on race (African American), sex (female), and reprisal (prior EEO activity). The Aggrieve's issues were Equal Pay Act Violation, assignment of duties, terms/conditions of employment, and training. The Intake forms also stated the Aggrieve's decision to participate in Alternative Dispute Resolution (mediation), instead of Traditional EEO Counseling. On May 9, 2005, all Intake information completed by the Aggrieved was faxed to the Conflict Prevention Resolution Center (CPRC) for mediation scheduling (See attachments A and B).

CPRC made several attempts to contact the Aggrieved to schedule mediation; however, those attempts were unsuccessful. Consequently, CPRC closed the Aggrieve's case on August 1, 2005. The Aggrieved was issued her Notice of Right to File on September 9, 2005, (See attachment D). On September 29, 2005, the Aggrieved filed a formal EEO complaint.

## RELIEF REQUESTED AND SUMMARY OF RESOLUTION EFFORTS:

CPRC was unable to contact the Aggrieved to schedule mediation; therefore, no resolution attempts were made (See attachment C).

## COUNSELOR INFORMATION:

Name (First, MI, Last):
Title:
Agency:

**Rondi D. Hammond**
**EEO Specialist**
**U.S. Department of Agriculture**
**Office of Civil Rights**

Telephone Number:
Fax Number:

**(202) 720-2531**
**(202) 720-0953**

_____          _____
Signature                      Date

## Attachments

**Attachment A-** Initial contact – May 3, 2005, contact confirmation letter and completed Intake material provided by the Aggrieved whereby ADR was elected
**Attachment B-** Confirmation of transmittal to CPRC
**Attachment C-** Email from CPRC indicating mediation status
**Attachment D-** Copy of Notice of Right to File Letter



United States
Department of
Agriculture

Office of the
Assistant Secretary
for Administration

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

MAY – 3 2005

Ms. Keisha Whitlock
Office of Budget and Program Analysis
United States Department of Agriculture

Dear Ms. Whitlock:    RE: Informal EEO Complaint of Discrimination

On May 3, 2005, you contacted the Office of Civil Rights (OCR) expressing an interest in filing an equal employment opportunity (EEO) complaint of discrimination against the Office of Budget and Program Analysis (OBPA). Federal EEO regulations found at 29 C.F.R. 1614 require that complainants must first engage in the informal EEO complaint process to attempt resolution of the issue(s) raised (§1614.105(a)). The regulation further requires that contact with a counselor be made within 45 days of the date of the alleged discriminatory matter (§1614.105(a)(1). **May 3, 2005,** will serve as your official contact date.

To begin the informal process, **you must choose either the EEO counseling _or_ the alternative dispute resolution (ADR) process.** For employees or applicants for employment of positions under the Departmental Administration (DA) organizational structure, the Office of the Secretary, and all other U.S. Department of Agriculture (USDA) executive staff offices, EEO counseling is offered through contracting services coordinated by the OCR, Employment Complaints Division (ECD). Likewise, ADR is available through the USDA Conflict Prevention and Resolution Center (CPRC). If you have questions about the ADR process, contact CPRC at (202) 720-7664 or toll free at 1-888-428-8961.

Enclosed are a complaint process flowchart, an Initial Intake form, and a copy of your rights and responsibilities. Please complete the Intake form and return it to me for processing. The form can be mailed or faxed to my attention at the address or fax number listed below. If I can be of further assistance, feel free to contact me at **(202) 720-1680.**

Inter-Office Mail:

**Ms. Rondi Hammond**
USDA/Office of Civil Rights
Mail Stop 9440 (Reporters Building, 6th Fl)
**Fax Number:** (202) 205-8694

Sincerely,

Rondi Hammond
EEO Specialist
Office of Civil Rights

Enclosures

**Attachment A-1**

A 1

202 720 8635    T-125  P.001/003  F-210



# UNITED STATES DEPARTMENT OF AGRICULTURE

### OFFICE OF BUDGET AND PROGRAM ANALYSIS
### BUDGET CONTROL AND ANALYSIS DIVISION
### WASHINGTON, D.C. 20250

# FAX COVER SHEET

TO: _Rondi Hammond_

FAX NO: _2/205 - 8694_

FROM: _Keisha Whitlock_

DATE: _05/04/05_

NO OF PAGES: _3_
(INCLUDING COVER SHEET)

☐ URGENT  ☑ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY

MESSAGE:

_Thanks!_

Attachment A-2

42

# INFORMAL EEO COMPLAINT
## INITIAL INTAKE FORM

**ALLEGED DISCRIMINATING AGENCY:** OBPA
Date of Action: March 2005     Date of Initial Contact: May 3, 2005
90TH Day of Processing: _____     Case Type: Individual ✓     Class _____

## AGGRIEVED EMPLOYEE'S INFORMATION

NAME: Keisha Whitlock
Status: 1     (1 Permanent/ 2 Temporary/ 3 Applicant / 4 Former Employee/ 5 Special)     Gender: Male: ___     Female: X
Job Title/Series/Grade: 318 Series Secretary 8/4
Service Computation Date: _____     USDA Agency you currently work for: OBPA
Work Address: 1400 Independence Ave S.W
Work Phone#: 202-720-6668     Work Fax#: 2/720-8635
Home Address: 906 Emerson St N.W WDC
Home Phone#: 2/723-3386     Home Fax#: _____
Attorney/Representative's Name: _____
Attorney/Representative's Address: _____

Attorney/Representative's Phone#: _____     Fax#: _____

Requesting Anonymity: Yes _____ No ✓

Union Member: Yes _____ No X

## COMPLAINT INFORMATION

**INDICATE BASIS(ES) – check ALL that apply**

✓ Sex:
    ___ Male
    X Female
✓ Race
    X African-American
    ___ Hispanic
    ___ Asian
    ___ Native American
    ___ White
    ___ Other (specify: _____ )
___ Color
    Specify: _____
___ Age
    Date of Birth: ___ / ___ / ___

___ Religion
    Specify: _____
___ National Origin
    Specify: _____
___ Physical Disability
    Specify: _____
___ Mental Disability
    Specify: _____
X Reprisal (Prior Case # 036061)
___ Parental Status
___ Sexual Orientation
___ Political Party
___ Marital Status
___ Genetic Information

Claims of discrimination on the following bases are not covered by Federal anti-discrimination statutes: political belief, sexual orientation, marital status, family status, parental status, or genetic information. Consequently, individuals who file EEO discrimination complaints on these bases have NO appeal rights after a final agency decision AND NO rights to a hearing before the Equal Employment Opportunity Commission.

## Attachment A-3
### 43

5/3/2005

# INFORMAL EEO COMPLAINT
## INITIAL INTAKE FORM

### INDICATE ISSUE(S): circle All that apply

| | | |
|---|---|---|
| A. Appointment/Hire | J. Examination/Test | R. Retirement |
| B. Assignment of Duties | K. Evaluation/Appraisal | S. Time and Attendance |
| C. Awards | L. Harassment/Non-sexual | T. Training |
| D. Demotion | M. Harassment/Sexual | U. Term/Conditions of Employment |
| E. Reprimand | N. Promotion/Non-selection | V. Other – Reasonable Accommodations |
| F. Suspension | O. Reassignment Denied | W. Other: |
| G. Termination | P. Reassignment Direct | |
| H. Duty Hours | Q. Reinstatement | |
| I. Equal Pay Act Violation | | |

Responsible USDA Agency: Office Budget + Program Analysis (OBPA)   Responsible State: _____

Responsible Management Official's (RMO)
Name: Dennis Kaplan   Title: Deputy Director
RMO Phone#: 2/720-6667   RMO Fax#: 202-720-8635
Name: Lawrence Wachs   Title: Acting Director
RMO Phone#: 2/720-5303   RMO Fax#: 2/720-6067
Resolving Agency Official (if known)   Phone#: _____

Do you have any pending complaints? NO: X   YES ____ . If yes,
A. INFORMAL X   DATE: OBPA
B. FORMAL ____   DATE: OBPA   Case#: _____
Status: _____ 1400

### ELECTION OF PARTICIP:                    COMPLAINT PROCESS

| | | |
|---|---|---|
| X | Alternative Dispute Resolution (ADR) | |
| | Traditional EEO Counseling | |

| | | | |
|---|---|---|---|
| Has the Aggrieved been given a written copy of their Notice of Rights and Responsibilities | YES X | | NO ____ |

Aggrieved Employee's Signature: Keisha Whitlock   Date: 05/03/05

COMMENTS: _____

_____

Office of Civil Rights Use Only
Contact Person's Name:                              Title:
Phone number:                          Fax number:
If ADR elected, date file sent to CPRC:
If Counseling elected, earliest date for counselor contacting:

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1724 |
| CONNECTION TEL | 7208848 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 05/09 13:25 |
| USAGE T | 02'06 |
| PGS. SENT | 4 |
| RESULT | OK |

[Click here and type address]

## facsimile transmittal

| To: | Sheila Walcott | Fax: | 202-720-8848 |
|-----|----------------|------|--------------|
| From: | Nashira Marshall | Date: | 5/9/2005 |
| Re: | Keisha Whitlock | Pages: | 4 |
| CC: | | | |

☐ Urgent    x For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Notes: Please find attached documents for Ms. Keisha Whitlock requesting to participate in ADR. If you have any questions please feel free to call Rondi on 202-720-1680.

Thanks

**Attachment B-2**

46



United States
Department of
Agriculture

Office of the
Assistant Secretary
for Administration

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

MAY – 3 2005

Ms. Keisha Whitlock
Office of Budget and Program Analysis
United States Department of Agriculture

RE: Informal EEO Complaint of Discrimination

Dear Ms. Whitlock:

On May 3, 2005, you contacted the Office of Civil Rights (OCR) expressing an interest in filing an equal employment opportunity (EEO) complaint of discrimination against the Office of Budget and Program Analysis (OBPA). Federal EEO regulations found at 29 C.F.R. 1614 require that complainants must first engage in the informal EEO complaint process to attempt resolution of the issue(s) raised (§1614.105(a)). The regulation further requires that contact with a counselor be made within 45 days of the date of the alleged discriminatory matter (§1614.105(a)(1). **May 3, 2005,** will serve as your official contact date.

To begin the informal process, you must choose either the EEO counseling _or_ the alternative dispute resolution (ADR) process. For employees or applicants for employment of positions under the Departmental Administration (DA) organizational structure, the Office of the Secretary, and all other U.S. Department of Agriculture (USDA) executive staff offices, EEO counseling is offered through contracting services coordinated by the OCR, Employment Complaints Division (ECD). Likewise, ADR is available through the USDA Conflict Prevention and Resolution Center (CPRC). If you have questions about the ADR process, contact CPRC at (202) 720-7664 or toll free at 1-888-428-8961.

Enclosed are a complaint process flowchart, an Initial Intake form, and a copy of your rights and responsibilities. Please complete the Intake form and return it to me for processing. The form can be mailed or faxed to my attention at the address or fax number listed below. If I can be of further assistance, feel free to contact me at **(202) 720-1680**.

Inter-Office Mail:

Ms. Rondi Hammond
USDA/Office of Civil Rights
Mail Stop 9440 (Reporters Building, 6th Fl)
Fax Number: (202) 205-8694

Sincerely,

Rondi Hammond
EEO Specialist
Office of Civil Rights

Enclosures

Attachment B-3
47

## INFORMAL EEO COMPLAINT
### INITIAL INTAKE FORM

INDICATE ISSUE(S): circle All that apply

| | | |
|---|---|---|
| A. Appointment/Hire | J. Examination/Test | R. Retirement |
| ☒ Assignment of Duties | K. Evaluation/Appraisal | S. Time and Attendance |
| C. Awards | L. Harassment/Non-sexual | ☒ Training |
| D. Demotion | M. Harassment/Sexual | ☒ Term/Conditions of Employment |
| E. Reprimand | N. Promotion/Non-selection | V. Other – Reasonable Accommodations |
| F. Suspension | O. Reassignment Denied | W. Other: |
| G. Termination | P. Reassignment Direct | |
| H. Duty Hours | Q. Reinstatement | |
| ☒ Equal Pay Act Violation | | |

Responsible USDA Agency: Office Budget & Program Analysis (OBPA)    Responsible State: _____

Responsible Management Official's (RMO)
Name: Dennis Kaplan    Title: Deputy Director
RMO Phone#: 2/720-6667    RMO Fax#: 202-720-8635
Name: Lawrence Wachs    Title: Acting Director
RMO Phone#: 2/720-5303    RMO Fax#: 2/720-6067
Resolving Agency Official (if known) _____    Phone#: _____

Do you have any pending complaints? NO: X    YES ___, If yes,
A. INFORMAL X    DATE COMPLAINT INITIATED: _____
B. FORMAL _____    DATE(S) FILED: _____    Case#: _____
Status: _____

## ELECTION OF PARTICIPATION - INFORMAL EEO COMPLAINT PROCESS
### (PLEASE CHECK ONE)

| | |
|---|---|
| X | Alternative Dispute Resolution (ADR) |
| | Traditional EEO Counseling |

| | | |
|---|---|---|
| Has the Aggrieved been given a written copy of their Notice of Rights and Responsibilities | YES X | NO |

Aggrieved Employee's Signature: Keisha Whitlock    Date: 05/03/05

COMMENTS: _____

Office of Civil Rights Use Only
Contact Person's Name: _____
Phone number: _____    Title: _____
    Fax number: _____
If ADR elected, Have file Sent to CRNC _____
If Counseling elected, date file sent for counselor contracting _____

Attachment B-4
48    5/3/2005

## INFORMAL EEO COMPLAINT
## INITIAL INTAKE FORM

ALLEGED DISCRIMINATING AGENCY: __OBPA__
Date of Action: __March 2005__    Date of Initial Contact: __May 3, 2005__
90 ᵀᴴ Day of Processing: _____    Case Type:    Individual __✓__  Class ____

## AGGRIEVED EMPLOYEE'S INFORMATION

NAME: __Keisha Whitlock_____    Gender: Male: ____ Female: __X__
Status: __1_____ (1 Permanent/ 2 Temporary/ 3 Applicant / 4 Former Employee/ 5 Special)
Job Title/Series/Grade: __318 Series Secretary 8/4__
Service Computation Date: _____    USDA Agency you currently work for: __OBPA__
Work Address: __1400 Independence Ave S W__
Work Phone#: __202-720-6668_____    Work Fax#: __2/720-8635__
Home Address: __906 Emerson St N.W WDC__
Home Phone#: __2/723-3336_____    Home Fax#: _____
Attorney/Representative's Name: _____
Attorney/Representative's Address: _____

Attorney/Representative's Phone#: _____    Fax#: _____

Requesting Anonymity: Yes ____ No __✓__    Union Member: Yes ____ No __X__

## COMPLAINT INFORMATION

INDICATE BASIS(ES) – check __ALL__ that apply

__✓__ Sex:
    ____ Male
    __X__ Female
__✓__ Race
    __X__ African-American
    ____ Hispanic
    ____ Asian
    ____ Native American
    ____ White
    ____ Other (specify: _____)
____ Color
    Specify: _____
____ Age
    Date of Birth: __/__/__

____ Religion
    Specify: _____
____ National Origin
    Specify: _____
____ Physical Disability
    Specify: _____
____ Mental Disability
    Specify: _____
__X__ Reprisal (Prior Case# 036061)
____ Parental Status
____ Sexual Orientation
____ Political Party
____ Marital Status
____ Genetic Information

Claims of discrimination on the following bases __are not__ covered by Federal anti-discrimination statutes: political belief, sexual orientation, marital status, family status, parental status, or genetic information. Consequently, individuals who file EEO discrimination complaints on these bases have __NO__ appeal rights after a final agency decision __AND NO__ rights to a hearing before the Equal Employment Opportunity Commission.

5/3/2005

# ADR CASE CLOSE-OUT SHEET

**Name:** Whitlock, Keisha
Complaint

**Type of Case:** Informal EEO

**Case Status:** Closed

**No Resolution**

**Date Closed:** August 1, 2005

## Other Comments

CPRC made several attempts to contact Ms. Whitlock to arrange mediation and she did not respond. So, due to lack of response, CPRC closed Ms. Whitlock's case on August 1`, 2005.

**Attachment C**



**USDA**

NOTICE OF RIGHT TO FILE A FORMAL EEO COMPLAINT
SENT VIA CERTIFIED MAIL

United States
Department of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

Ms. Keisha Whitlock
906 Emerson Street, N.W
Washington, D.C. 20011

SEP   9 2005

RE: Informal EEO Complaint of Discrimination

Dear Ms. Whitlock:

The informal process of your Equal Employment Opportunity (EEO) complaint has been completed. Since the concerns you raised in the informal process were not resolved, you are now entitled to file a formal EEO complaint.

On May 3, 2005, you began the informal process by contacting the Office of Civil Rights (CR) and expressing your desire to file a complaint against the Office of Budget & Program Analysis (OBPA). In your informal EEO complaint, you alleged OBPA subjected you to discrimination based on sex (female), race (African-American), and reprisal (prior EEO case). Your issues were (1) assignment of duties, (2) training, (3) Equal Pay Act Violation, and (4) terms/conditions of employment. You indicated these actions took place around March 2005.

On May 3, 2005, during your initial intake, you elected to participate in Alternative Dispute Resolution (ADR). The Conflict Prevention Resolution Center (CPRC) made several attempts to contact you to schedule ADR; however, those attempts were unsuccessful. On August 1, 2005, CPRC closed your ADR session without resolution. Consequently, the informal process of your EEO complaint has been completed and you are now entitled to file a formal EEO complaint on all four (4) claims raised.

If you believe that you have been discriminated against on the basis(es) of race, color, religion, sex, national origin, age, physical or mental disability, sexual orientation, marital or family or parental status, genetic information, political belief, or as an act of reprisal for your prior EEO related activity, you have the right to file a formal complaint. If you file a formal complaint, it must be in writing, include your signature, and be filed within **15 calendar days from receipt of this letter**.

For your convenience and usage, I have enclosed a Formal Complaint of Employment Discrimination form. Please mail your formal EEO complaint to:

U.S. Department of Agriculture
Office of Civil Rights
Chief, Civil Rights Services Division (CRSD)
1400 Independence Avenue, SW, Mail Stop 9410
Washington, DC 20250-9410

AN EQUAL OPPORTUNITY EMPLOYER    Attachment D    E-1

Page 2

A complaint shall be deemed timely filed if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the filing period.

The complaint must be specific and contain only those claims either specifically raised during intake/counseling/mediation, or claims that are like or related to the claims raised during intake/counseling/mediation. It must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same claims.

If you retain an attorney or any other person to represent you, you or your representative must immediately notify OCR/CRSD in writing. You and/or your representative will receive written acknowledgment of this office's receipt of your formal complaint.

If you have any additional questions, I can be reached at (202) 720-1680.

Sincerely,

Rondi Hammond
EEO Specialist
Civil Rights Services Division
Office of Civil Rights

Enclosure:      Formal EEO Complaint Form

52

**United States
Department of
Agriculture**    **Complaint of Employment Discrimination**

**1. Name**    (First)    (MI)    (Last)

☐ Mr.

☐ Ms. _Keisha E. Whitlock_    ☒ USDA Employee    ☐ USDA Applicant

**2. Address** _906 Emerson St N.W_

_(Street)_

_WDC    20011_    **3. Telephone Number**

_(City)    (State)    (Zip)_    Work _2/720·8266_ (    )

FTS

Home _(202) 291-1171_    COMM

**4. Name of Agency Which You Believe Discriminated Against You**

_Office Budget Program Analysis (OBPA)_

_(Office)_

_Washing DC_    _20280_

_(City)    (State)    (Zip)_

**5. Basis of Discrimination (Check all that apply and specify your type.)**

☒ Race _Black_    ☐ Handicap _____

☐ Color _____    ☐ Sexual Harassment _____

☐ Religion _____    ☒ Reprisal _____

☐ National Origin _____    ☐ Age (over 40) _____

☒ Sex _Female_    ☐ Marital Status _____

**6. Issue(s) (Put date on line. Provide details on reverse side.)**

☐ Selection _____    ☐ Working Conditions _____

☒ Promotion _____    ☐ Discipline _____

☒ Performance Appraisal _____    ☐ Reassignment _____

☒ Duties _____    ☒ Other _Training_

**7. Representative, if any**

_____    (    )

_____    (Telephone Number)

_____

_(Street)    (City)    (State)    (Zip)_

**8. Name of EEO Counselor Contacted:**

**9. Requested Corrective Action**

_Keisha Whitlock    9/28/05_

= _Keisha Whitlock_

EXHIBIT

2

09/29/05   THU 16:08   [TX/RX NO 7134]

1) I was denied training.

2.) I have co-workers (different race) who are in
   Secretary positions - who do similar
   or less duties that recieve higher
   pay than me, (Equal Pay Act)

3) I have never recieved (bonus pay)

4) My assignment of duties
   Were changed including PD
   when it was agreed upon,
   later changed reduced. (terms of employment)

16



**ited States**
**Department of**
**Agriculture**

**Office of the**
**Assistant Secretary**
**for Civil Rights**

**Office of**
**Civil Rights**

1400 Independence
Avenue SW

Washington, DC
20250

**Sent by Certified Mail**
**Return Receipt Requested**

NOV ⁻ 8 2005

**Ms. Keisha Whitlock**
**906 Emerson Street, NW**
**Washington, D.C. 20011**

Re: Complaint No.: CRSD-2005-00548

Dear Ms. Whitlock:

In reviewing your formal employment discrimination complaint against the Office of Budget and Program Analysis, dated September 28, 2005, and filed on September 29, 2005, we find that because you did not elect to go to counseling, there is no Counselor's Report. Clarification of your issues and bases is required before a determination can be made to process your claim.

In your formal complaint, you alleged that you were subjected to acts of disparate treatment in training, promotion, pay, and assignment of duties based on race (African American), sex (female), and reprisal (prior EEO activity). Detailed and specific information regarding each allegation is needed to determine acceptance of the claim.

In your response, please clearly identify what action occurred and explain why you believe this happened to you in terms of your race, sex, and reprisal. Please provide the dates, names of the responsible parties, and the actions that occurred in each incident. Also, provide any other pertinent or background information and/or documentation that would clarify your claims.

A. <u>Training</u>

Denied training. Please identify the specific training and training dates you requested. State how you requested the training, how you were denied (verbal or written), the responsible management official (name, title, race, sex), and the reasons management gave for the denial. Explain why you believe your training request was denied. Explain why you believe this happened to you in terms of your race, sex, and reprisal Identify employees (name, position, grade/level, race, sex) who are similarly situated, the specific training each person requested, and whether it was approved or denied. Identify the management official (name, title, race, sex), who approved or denied it. If approved, explain the reason you believe their training was approved.

**EXHIBIT**

3

### B. Promotion

Identify specific positions applied for, provide vacancy announcement numbers, interview dates, the interviewer, selecting official, and person selected for the position (name, race, sex). Please include any verbal or written inquiries you made or comments management made (name, title, race, sex ) regarding your non-selection. Explain why you believe this happened to you in terms of your race, sex, and reprisal.

### C. Equal Pay Act

Identify your position, grade/level, duties, and supervisor.    Identify similarly situated employees (name, position, sex, grade/level, duties, supervisor) who receive higher pay than you do. Explain why you believe this happened to you in terms of your sex, and reprisal. (Race is not covered under the Equal Pay Act).

### D. Performance Appraisal

Identify the date, the performance appraisal rating,, and the responsible management official (name, title, race, sex).    Explain what reasons management gave you for the rating. If you disagree, explain the reasons you believe were the basis for the rating. Explain why you believe this happened to you in terms of your race, sex, and reprisal.

### E. Bonus Pay

Explain why you believe you have never received bonus pay.  Identify your supervisor (name. title, race, sex).  Please include any verbal or written inquiries you made or comments management made (name, title, race, sex) regarding your bonus pay. Identify similarly situated employees (name, position, race, sex, grade/level, duties, supervisor) who have received bonus pay.  Explain why you believe this happened to you in terms of your race, sex, and reprisal

### F. Assignment of Duties

Identify your position(s), assigned duties, and supervisor (name, title, race, sex). Identify dates that your assignments changed, specific changes made to your duties, and the management official responsible for the changes. Include a copy of your previous Position Description and explain changes that were made, any increase or reduction in duty, etc. Explain why you believe this happened to you in terms of your race, sex, and reprisal.

### G. Reprisal

Please identify your prior EEO activity and dates the events occurred. Identify your current supervisor. Did he/she know about your earlier EEO activity prior to the occurrence of the events that are the basis of your current complaint? Indicate if any of your current claims were addressed by a prior complaint or settlement agreement.

Please provide us with this information within 15 days from the receipt of this letter. Your failure to respond, or to adequately respond to this request, **within the fifteen (15) calendar days of the date you receive this request,** could result in the dismissal of this complaint, in accordance with EEOC Regulation 29 C.F.R. 1614.107(a)(7).

Your response should be sent to:

> **USDA-Office of Civil Rights**
> **Chief, Civil Rights Services Division**
> **Reporter's Building, Room 250**
> **300 7th Street, SW**
> **Washington, D.C. 20024-9403**

If you have any questions or concerns regarding the status of this complaint, please contact the **CUSTOMER SERVICE UNIT** at **1-800-795-3272 or 202-401-0005.**

Sincerely,

*E. Kirk Baylor*

for  Larry Newell
Chief, Civil Rights Services Division
Office of Civil Rights

19



Edward H. Passman (DC, MD)
Joseph V. Kaplan (DC, MD)
Sandra Mazliah (DC, NY)

Bryan J. Schwartz (DC, CA)
Debra A. D'Agostino (NY)*
Kenneth C. Wu (DC, IL)
Lynette A. Whitfield (MD)*

*Practice in DC limited to matters and
procedures before federal agencies

# PASSMAN & KAPLAN

**Attorneys at Law    P.C.**

1090 Vermont Avenue, NW, Suite 500
Washington, DC 20005
PHONE (202) 789-0100   FAX (202) 789-0101
www.passmanandkaplan.com

*VIA FACSIMILE (202-205-8746) AND*
*CERTIFIED MAIL, RETURN RECEIPT REQUESTED*

February 17, 2006

Larry Newell
Chief, Civil Rights Services Division
Office of Civil Rights
Reporter's Building, Rm. 250
300 7th Street, SW
Washington, DC 20024-9403
Phone: 202-720-1680

> **RE: Keisha Whitlock EEO Complaint**
> **Agency Case No. CRSD-2005-00548**
> **FORMAL COMPLAINT AND AMENDMENT**

Dear Mr. Newell:

Keisha Whitlock has retained undersigned counsel to represent her in her complaint of discrimination against the U.S. Department of Agriculture ("USDA"). Attached is a power of attorney executed in favor of PASSMAN & KAPLAN, P.C.

Ms. Whitlock contacted the EEO office on May 3, 2005. On February 2, 2006, Ms. Whitlock received a request from the Office of Civil Rights to clarify the issues for her formal EEO complaint. The issues for Ms. Whitlock's formal complaint should read as follows:

> Keisha Whitlock alleges that the USDA discriminated against her on the basis of race (African American) and in retaliation for prior EEO activity (formal complaint: October 28, 2002), when the following occurred:
>
> 1. Ms. Whitlock's supervisor, Dennis Kaplan has denied her requests for training. Mr. Kaplan has denied Ms. Whitlock's requests for the following training:

EXHIBIT
4

20

FEB-17-2006  13:48

Larry Newell
Chief, Civil Rights Services Division
Office of Civil Rights
February 17, 2006
Page 2

> a.  On March 23, 2005, Mr. Kaplan denied Ms. Whitlock's request to take any job related course at the USDA school.
>
> b.  On May 3, 2005, Mr. Kaplan denied Ms. Whitlock's request to attend training at the Blacks in Government Conference.
>
> 2.  In April 2005, Ms. Whitlock notified Mr. Kaplan that she was performing the same duties as Aida Negron, GS-9/10, (non-African American, no prior EEO activity). The Agency paid Ms. Whitlock at a GS-8 level, but Mr. Kaplan refused to remedy the wage disparity between Ms. Whitlock and Ms. Negron.

Additionally, pursuant to 29 C.F.R. § 1614.106 (2004) and EEOC Management Directive 110, Chapters 3.III.B and 5.III.B, Ms. Whitlock, hereby amends her formal complaint for events occurring after May 3, 2005.

Pursuant to 29 C.F.R. § 1614.106(d), at any time prior to the conclusion of the Agency's investigation, a complainant is permitted to amend a pending EEO complaint to add claims that are like or related to claims raised in the pending complaint. There is no requirement that the complainant seek counseling on these new claims.

> In this amendment, Ms. Whitlock alleges that the USDA discriminated against her on the basis of race (African American) and in retaliation for prior EEO activity (October 28, 2002; May 3, 2005) when the following occurred:
>
> 3.  On January 31, 2006, Ms. Whitlock discovered that the USDA failed to select her for the position of Secretary (Office Automation), GS-0318-9/10, advertised under vacancy announcement number OBPA-06-030.
>
> 4.  Ms. Whitlock's supervisor, Mr. Kaplan, has continued to deny her requests for training. Mr. Kaplan has denied Ms. Whitlock's requests for the following:
>
>     a.  On February 8, 2006, Mr. Kaplan denied Ms. Whitlock's request for Budget, Legislative, and Regulatory System training.
>
>     b.  On January 31, 2006, Mr. Kaplan denied Ms. Whitlock's request to take any job related course at the USDA school.
>
> 7
>
> 5.  The USDA has harassed Ms. Baldwin and subjected her to a hostile work environment. Examples of harassment include, but are not limited to

FEB-17-2006 13:40    P.04/05

Larry Newell
Chief, Civil Rights Services Division
Office of Civil Rights
February 17, 2006
Page 3

      a. On January 13, 2006, Ms. Whitlock discovered an e-mail from Ngozi Abolarin stating, "Keisha will probably file a harassment claim against me. She's talking about all kinds of evidence that she has. OBPA got rid of her because she just filed and EEO claim against them when they would not let her go to BIG."

      b. Since February 2, 2006, Mr. Kaplan has denied Ms. Whitlock's requests to update her 2001 position description to reflect duties and wages that are commensurate with a 2004 position description provided to similarly situated secretaries.

The above incidents of retaliation are like or related to Ms. Whitlock's original EEO complaint because they involve the same management officials responsible for the incidents identified in Ms. Whitlock's original EEO complaint.

For all of the above reasons, you should amend the pending complaint to include the new issues and expedite acceptance of this case for EEO investigation. Pursuant to 29 CFR § 1614.106(e), I look forward to receiving written confirmation of the formal complaint and amended complaint.

Please feel free to contact me if you need any additional information.

Sincerely,

Kenneth C. Wu

KW:ms

Enclosure (Power of Attorney)

cc:    Keisha Whitlock

# POWER OF ATTORNEY

This is to certify that I,

| | |
|---|---|
| Keisha Whitlock | 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 |
| **NAME** | SSN |
| 906 Emerson Street, NW | |
| **ADDRESS** | |
| Washington        DC        20011 | |
| **CITY            STATE      ZIP** | |

do hereby grant **PASSMAN & KAPLAN, P.C.**, attorneys at law, 1090 Vermont Avenue, N.W., Suite 500, Washington, D.C. 20005, **POWER OF ATTORNEY** to act for and on my behalf in all matters coincidental to my case, including the right to have access to records pertaining to me which are contained in records, reports, investigations, examinations or system(s) of records maintained by any agency or office of the Government of the United States, any state government, any municipal government, or any other governmental entity, including documents and records otherwise protected from disclosure under the Privacy Act, 5 U.S.C. § 552a.

Dated: Feb. 13, 2006

Keisha E. Whitlock
Signature

23

TOTAL P.05



States
ment of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

MAR 1 5 2006

**Sent by Certified Mail**
**Return Receipt Requested**

Kenneth C. Wu
Passman & Kaplan, P.C.
1090 Vermont Avenue, N.W., Suite 500
Washington, D.C. 20005

Re: Complainant – Keisha Whitlock
USDA Complaint No. CRSD 2005-00548

Dear Mr. Wu:

The subject Equal Employment Opportunity (EEO) complaint of discrimination against
the United States Department of Agriculture (USDA), Office of Budget and Program
Analysis (OBPA) dated September 28, 2005, is considered filed on September 29, 2005,
with requested clarifications provided on February 21, 2006. It has been assigned the
complaint number shown above. Please refer to this complaint number in any future
communication on the subject EEO complaint.

We are accepting and referring for investigation the following claims:

Whether the agency subjected the complainant to discrimination based on race
(African American) and retaliation (Prior EEO complaint 10/28/2002) when,
pertaining to:

1. Training:
   a. On March 23, 2005, Dennis Kaplan denied her request to take any
      job related course at the USDA Graduate School;

   b. On May 3, 2005, Dennis Kaplan denied her request to attend training
      at the Blacks In Government (BIG) Conference;

   c. On January 31, 2006, Mr. Kaplan continued to deny training when he
      denied the Complainant's request to take any job related course at the
      USDA Graduate School; and

   d. On February 2, 2006, Mr. Kaplan continued to deny training when he
      denied the Complainant's request for Budget, Legislative, and
      Regulatory training

**EXHIBIT**

5

2   Wage Disparity
   a.   In April 2005, the Complainant notified Dennis Kaplan that she was performing the same duties as Aida Negron (non-African American, no prior EEO activity, grade GS-9/10) but was paid at a lower grade (GS-8 level). Mr. Kaplan did not take action.

2.   Non-selection
   a.   On January 31, 2006, the Complainant discovered that she was not selected for the position of Secretary (Office Automation), GS-0318-9/10, advertised under vacancy announcement number OBPA-06-030.

3.   Harassment and hostile work environment
   a.   On January 13, 2006, the Complainant discovered an email from Ngozi Abolarian stating, "Keisha will probably file a harassment claim against me. She's talking about all kinds of evidence that she has. OBPA got rid of her because she just filed and [sic] EEO claim against them when they would not let her go to BIG."
   b.   Since February 2, 2006, Dennis Kaplan has denied the Complainant's requests to update her 2001 position description to reflect duties and wages that are commensurate with a 2004 position description provided to similarly situated secretaries.

If your client desires, she may submit a written statement concerning the agency's articulation of the accepted claims. Any such statement must be submitted within seven (7) calendar days from receipt of this letter and will be included in the complaint file. We will review and respond to your client's written statement. The statement should be sent to the following address:

<div align="center">

**USDA - Office of Civil Rights**
**Chief, Civil Rights Services Division**
**Reporter's Building, Room 250**
**300 7th Street, S.W.**
**Washington, D.C. 20024 – 9403**

</div>

The USDA is required under 29 C.F.R. §1614.108 to complete an impartial, factual and appropriate investigation of the accepted claims within 180[1] days of the date the subject EEO complaint was filed. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. The complainant and the USDA may voluntarily extend the 180-day time period not to exceed an additional 90 days. In addition, the USDA may unilaterally extend the 180-day time period or any period of extension for not more than 30 days where it must sanitize a complaint file that contains classified information.

---

[1]  All references to days refer to calendar days unless specified otherwise.

When the investigation begins, your client will be contacted by an investigator. She is required to fully cooperate with the investigator. Failure to do so may result in dismissal of her EEO complaint. The investigator should be provided all information your client considers relevant to the accepted claims. Also, your client should provide the investigator with the names of any witnesses she believes should be contacted.

The agency must be informed of any changes in the names, addresses or locations of you and your client. If the USDA is unable to locate your client, it may dismiss the formal EEO complaint pursuant to 29 C.F.R. §1614.107(a)(6).

When you receive the investigation report, you also will receive written notice of your client's right to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) administrative judge. The notice will give you specific instructions on how your client may exercise his/her election rights.

If your client has not received the investigation report after 180 days from the filing of her EEO complaint, she has the right to request a hearing from an EEOC administrative judge. Should he/she request a hearing, the request must be sent to the following EEOC office:

**EEOC – Washington Field Office**
**1801 L Street, N.W., Suite 100**
**Washington, D.C. 20507**

**Phone: (202) 419-0700**
**Fax: (202) 419-0740**
**TTY: (202) 419-0702**

[He/She] is required to certify to the EEOC office that a copy of the hearing request was sent to the following address:

**USDA - Office of Civil Rights**
**Chief, Civil Rights Services Division**
**Reporter's Building, Room 250**
**300 7th Street, S.W.**
**Washington, D.C. 20024 -- 9403**

Please be advised that, consistent with EEOC Regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution of complaints at any stage of the EEO complaint process. Settlement discussions may take place throughout the administrative complaint process. If a resolution is achieved, a copy of the settlement agreement must be provided to this office promptly to avoid unnecessary confusion and additional cost. Likewise, if at any stage of the EEO complaint process your client wishes to voluntarily withdraw her complaint, she must promptly provide to this office, a written request to withdraw the

4

EEO complaint. The withdrawal request must be signed, dated, and include the EEO complaint number. To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal directly to the **Civil Rights Services Division, at Fax Number (202) 720-0953.**

If you have any questions or concerns regarding the status of your client's formal EEO complaint, please call the **Customer Service Unit at (800) 795-3272 or (202) 401-0005.**

Sincerely,

for    Larry W. Newell
       Chief, Civil Rights Services Division

cc:    Nathaniel M. Deutsch, Director HRSD, OO

       Diane Davis-Wright, CR

       Keisha Whitlock
       906 Emerson Street, N.W.
       Washington, D.C. 20011

Aug 17 2006 11:23AM  HP LASERJET FAX                                    P.6
08/03/2006 12.22 FAX                                              ☑001/004

Date: 8/3/06

Amendment to Complaint CRSD-2005-00548

Discrimination based on Reprisal

Because I filed my initial, informal complaint of discrimination against my supervisor
Dennis Kaplan, which is now in the investigation process, Mr. Kaplan, Micheal Young
Associate Director of OBPA and Management officials has retaliated against me by (1)
continuing disparate treatment of me by treating me differently than the non-black
secretary staff, and . (2)eliminating job duties and given them to an intern to avoid
complete in attempts to totally ignore my existence,( 3) and recently assigning me a new
job description giving me more duties which includes combining two jobs into one, and
refusing to compensate me fairly for the increase of duties.

For Example: On August 2, 2006 I received a phone call from Michael Young (Associate
Director for Office of Budget and Program Analysis (OBPA) to come to his office to
speak with me about staffing and this meeting would include Mary Barth (Director of
Administration and Special Projects in OBPA).

Mr. Young begin the meeting by saying that OBPA has made a decision not to staff the
office that I work in with two Secretaries like they have in the past. He went on to say
that it would be easier to just have me do the work of Budget Control Analysis Division
BCAD and Budget Legislative and Regulatory Systems BLRS. Also, Mr. Young
acknowledged in the meeting that I will have to accept work from four Staff Chiefs and
their staffs for the same salary Grade 8. I expressed to Mr. Young and Mary Barth that
these are additional duties and asked why wasn't I being compensated for this? Mr.
Young said that Human Resources said that this equals out to a Grade 8, although it is
more duties. Also, Mary Barth stated, "You will be now doing about 22 time and
attendance reports instead of 7." Ms. Barth stated Honey you are lucky. I know some
Grade 5 secretaries doing more time and attendance reports..." I felt that they both were
double jabbing me with comments that were unwarranted. Mike Young said, "Well take
it up with Human Resources..." What was confusing and frustrating to me was the fact
that both Mr. Young and Ms. Barth where in totally agreement that clearly this new
position that I was to acquire next pay period details a lot more work than my present
position, but neither one of them wanted to discuss fair pair. They both just put it on
Human Resources Department. When I brought up other instances where white
secretaries were given increase of duties and they were paid adequately, Mr. Young just
stated, "I was not in this position when they received that, so therefore I have no idea
how they got that." Mary Barth stated, "If you are talking about Jackie Parton she was a
12 long time ago before she went down the hall..." I responded by saying what in the
world would warrant a Grade12 Secretary in the front office? I got know response. Ms.
Barth did go on to say, "Did you know that we gave Marilyn (Afro American) an Grade
8, 2 years ago?... so we do upgrade when need to." I responded by saying Marilyn has



EXHIBIT
tabbies
6



CRSD
received
8/3/06
HC

been here over 20 years so if you did that, that's good but the other white secretaries received higher grades in less than approximately 4 years.

Mike Young called Don Bice in the meeting and continued explaining to Don that he need to make sure that the staffs underneath him don't overflow me with work and his work came first.

First, management take my duties away, now they are attempting to overwhelm me with additional duties, because they don't want me here and this is another attempt to retaliate against me because of my EEO activity.

(I have attached 2 emails sent to Management)

Keisha Whitlock

August 3, 2006

## Whitlock, Keisha

| | |
|---|---|
| **From:** | Whitlock, Keisha |
| **Sent:** | Wednesday, August 02, 2006 4:29 PM |
| **To:** | Young, Mike |
| **Cc:** | Steele, Scott; Bice, Don |
| **Subject:** | Job Description |

| Tracking: | Recipient | Read |
|---|---|---|
| | Young, Mike | Read: 8/2/2006 4:57 PM |
| | Steele, Scott | Read: 8/3/2006 10:52 AM |
| | Bice, Don | Read: 8/2/2006 4:51 PM |

Mike,

In OBPA history of changing Job Descriptions have there ever been a change such as mine, clearly indicating more duties and no grade increase?

This one question to recap our meeting regarding forcing me to do April McDonald's past job which now details more duties than she had and I am now acquiring beginning next pay period. You agreed it was more people staffed than before and you agreed I will get more Time and Attendance records to complete along with other duties. Also, you recognized that 2 SES's and 4 Staff Chiefs and their staff will require my direct assistance. A huge change has occurred in my Position Description.

I feel that I am being targeted once again because I am black. The other non-African American secretaries were afforded the opportunity for grade increase when their position description was upgraded to reflect change and it did not force them to take on another position in a different location in OBPA.

Keisha

8/3/2006

## Whitlock, Keisha

| | |
|---|---|
| From: | Whitlock, Keisha |
| Sent: | Thursday, August 03, 2006 9:54 AM |
| To: | Young, Mike |
| Cc: | Steele, Scott; Bice, Don; Barth, Mary; Kaplan, Dennis |
| Subject: | Job Duties |

| Tracking: | **Recipient** | **Read** |
|---|---|---|
| | Young, Mike | Read: 8/3/2006 10:37 AM |
| | Steele, Scott | Read: 8/3/2006 10:52 AM |
| | Bice, Don | Read: 8/3/2006 10:29 AM |
| | Barth, Mary | |
| | Kaplan, Dennis | Read: 8/3/2006 10:54 AM |

Good Morning,

I expressed yesterday. I don't feel it's fair to compile two job positions into one and not give me a pay increase.

I spoke with Don Bice this morning reiterating again, "I have no problems doing the work, but I wanted to be fairly compensated".

Although I feel that I am not being treated fairly and I wish not to complain, I will do my very best to do a job well done for OBPA.

Have a nice day.

Keisha

8/3/2006



United States
Department of
Agriculture

AUG 17 2006

Office of the
Assistant Secretary
for Civil Rights

**Sent by Certified Mail**
**Return Receipt Requested**

Office of
Civil Rights

Kenneth C. Wu

1400 Independence    Passman & Kaplan, P.C.
Avenue SW
1090 Vermont Avenue, N.W., Suite 500
Washington, DC    Washington, D.C. 20005
20250

Re: Complainant – Keisha Whitlock
USDA Complaint No. CRSD 2005-00548

Dear Mr. Wu:

This is to acknowledge receipt of your client's amendment dated August 3, 2006, to the above referenced complaint. We are adding this amendment to the complaint because it is like or related to the claims already accepted for processing. The following additional issue **identified in bold**, is hereby added to this complaint:

We are accepting and referring for investigation the following claims:

Whether the agency subjected the complainant to discrimination based on race (African American) and retaliation (Prior EEO complaint 10/28/2002) when, pertaining to:

1. Training:
   a. On March 23, 2005, Dennis Kaplan denied her request to take any job related course at the USDA Graduate School;

   b. On May 3, 2005, Dennis Kaplan denied her request to attend training at the Blacks In Government (BIG) Conference;

   c. On January 31, 2006, Mr. Kaplan continued to deny training when he denied the Complainant's request to take any job related course at the USDA Graduate School; and

   d. On February 2, 2006, Mr. Kaplan continued to deny training when he denied the Complainant's request for Budget, Legislative, and Regulatory training.

EXHIBIT
exhibit
7

2

2. Wage Disparity
   b. In April 2005, the Complainant notified Dennis Kaplan that she was performing the same duties as Aida Negron (non-African American, no prior EEO activity, grade GS-9/10) but was paid at a lower grade (GS-8 level). Mr. Kaplan did not take action.

3. Non-selection
   a. On January 31, 2006, the Complainant discovered that she was not selected for the position of Secretary (Office Automation), GS-0318-9/10, advertised under vacancy announcement number OBPA-06-030.

4. Harassment and hostile work environment
   a. On January 13, 2006, the Complainant discovered an email from Ngozi Aboiarian stating, "Keisha will probably file a harassment claim against me. She's talking about all kinds of evidence that she has. OBPA got rid of her because she just filed and [sic] EEO claim against them when they would not let her go to BIG."

   b. Since February 2, 2006, Dennis Kaplan has denied the Complainant's requests to update her 2001 position description to reflect duties and wages that are commensurate with a 2004 position description provided to similarly situated secretaries.

5. **Assignment of Duties and Continuing Disparate Treatment and Wage Disparity**
   a. **Management eliminated her job duties by giving them to an intern, and**

   b. **On August 2, 2006, management assigned the Complainant a new job description, which combines two jobs into one, and refused to compensate her for the increase in duties.**

If your client desires, she may submit a written statement concerning the agency's articulation of the accepted claims. Any such statement must be submitted within seven (7) calendar days from receipt of this letter and will be included in the complaint file. We will review and respond to your client's written statement. The statement should be sent to the following address:

**USDA - Office of Civil Rights**
**Chief, Civil Rights Services Division**
**Reporter's Building, Room 250**
**300 7th Street, S.W.**
**Washington, D.C. 20024 – 9403**

The USDA is required under 29 C.F.R. §1614.108 to complete an impartial, factual and appropriate investigation of the accepted claims within 180[1] days of the date the subject EEO complaint was filed. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. The complainant and the USDA may voluntarily extend the 180-day time period not to exceed an additional 90 days. In addition, the USDA may unilaterally extend the 180-day time period or any period of extension for not more than 30 days where it must sanitize a complaint file that contains classified information.

When the investigation begins, your client will be contacted by an investigator. She is required to fully cooperate with the investigator. Failure to do so may result in dismissal of her EEO complaint. The investigator should be provided all information your client considers relevant to the accepted claims. Also, your client should provide the investigator with the names of any witnesses she believes should be contacted.

The agency must be informed of any changes in the names, addresses or locations of you and your client. If the USDA is unable to locate your client, it may dismiss the formal EEO complaint pursuant to 29 C.F.R. §1614.107(a)(6).

When you receive the investigation report, you also will receive written notice of your client's right to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) administrative judge. The notice will give you specific instructions on how your client may exercise his/her election rights.

If your client has not received the investigation report after 180 days from the filing of her EEO complaint, she has the right to request a hearing from an EEOC administrative judge. Should he/she request a hearing, the request must be sent to the following EEOC office:

**EEOC – Washington Field Office**
**1801 L Street, N.W., Suite 100**
**Washington, D.C. 20507**

**Phone: (202) 419-0700**
**Fax: (202) 419-0740**
**TTY: (202) 419-0702**

---

[1] All references to days refer to calendar days unless specified otherwise.

4

She is required to certify to the EEOC office that a copy of the hearing request was sent to the following address:

**USDA - Office of Civil Rights**
**Chief, Civil Rights Services Division**
**Reporter's Building, Room 250**
**300 7th Street, S.W.**
**Washington, D.C. 20024 – 9403**

Please be advised that, consistent with EEOC Regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution of complaints at any stage of the EEO complaint process. Settlement discussions may take place throughout the administrative complaint process. If a resolution is achieved, a copy of the settlement agreement must be provided to this office promptly to avoid unnecessary confusion and additional cost. Likewise, if at any stage of the EEO complaint process your client wishes to voluntarily withdraw her complaint, she must promptly provide to this office, a written request to withdraw the EEO complaint. The withdrawal request must be signed, dated, and include the EEO complaint number. To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal directly to the **Civil Rights Services Division, at Fax Number (202) 205-8746.**.

If you have any questions or concerns regarding the status of your client's formal EEO complaint, please call the **Customer Service Unit at (800) 795-3272 or (202) 401-0005.**

Sincerely,

Larry W. Newell
Chief, Civil Rights Services Division

cc:    Keisha Whitlock
       906 Emerson Street, N.W.
       Washington, D.C. 20011

       Angela E. Kelly, HRSD, OO
       Rm. 27-W, Whitten Building

       Diane Davis-Wright, CR



# UNITED STATES DEPARTMENT OF AGRICULTURE
## Office of Adjudication and Compliance

United States
Department of
Agriculture

Office of the
Assistant Secretary
for Civil Rights

Office of Adjudication
and Compliance

1400 Independence
Avenue SW

Washington, DC
20250

|  |  |  |
|---|---|---|
| Keisha Whitlock, | ) | |
| Complainant, | ) | |
| | ) | |
| v. | ) | USDA Complaint No.: CRSD-2005-00548 |
| | ) | |
| Mike Johanns, | ) | |
| Secretary, | ) | |
| Department of Agriculture, | ) | |
| Agency. | ) | |

## Final Agency Decision

### Introduction

In accordance with the Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. §1614.110(b), this is the final decision of the United States Department of Agriculture (USDA) on this complaint.

### Issues Presented

The Agency subjected the Complainant to discrimination based on race (African American), sex (female),[1] and retaliation (EEO complaint activity) when the following allegedly occurred:

1. Training

    a.  On March 23, 2005, the Agency denied her request to take any job-related course at the USDA Graduate School;

    b.  On May 3, 2005, the Agency denied her request to attend training at the Blacks In Government (BIG) Conference;

    c.  On January 31, 2006, the Agency continued to deny training when it denied the Complainant's request to take any job-related course at the USDA Graduate School; and

---

[1] The Complainant's formal complaint listed sex as one of the bases. It was inadvertently omitted from the claim at the time of acceptance.

AN EQUAL OPPORTUNITY EMPLOYER



EXHIBIT

tabbies

B

2

    d.  On February 2, 2006, the Agency continued to deny training when it denied the Complainant's request for budget, legislative, and regulatory training.

2.  Wage Disparity

    In April 2005, the Complainant notified the Agency that she was performing the same duties as another employee but was paid at a lower grade, and the Agency did not take any action.

3.  Nonselection

    a.  On January 31, 2006, the Complainant learned that she had not been selected for the position of Secretary (Office Automation), GS-0318-9/10, advertised under Vacancy Announcement No. OBPA-06-030.

4.  Harassment and Hostile Work Environment

    a.  On January 13, 2006, the Complainant discovered an email from another employee that stated: "Keisha will probably file a harassment claim against me. She's talking about all kinds of evidence that she has. OBPA got rid of her because she just filed an EEO claim against them when they would not let her go to BIG."

    b.  Since February 2, 2006, the Agency has denied the Complainant's requests to update her 2001 position description to reflect duties and wages that are commensurate with a 2004 position description provided to similarly situated Secretaries.

5.  Assignment of Duties, Continuing Disparate Treatment, and Wage Disparity

    a.  Management eliminated her job duties by giving them to an intern, and

    b.  On August 2, 2006, management assigned the Complainant a new job description, which combined two (2) jobs into one, and refused to compensate her for the increase in duties.

**Procedural Background**

The record reflects that the Complainant first contacted the USDA's Office of Adjudication and Compliance (OAC) (formerly the Office of Civil Rights) regarding her equal employment opportunity (EEO) complaint on May 3, 2005. The Complainant elected to try to resolve her dispute through Alternative Dispute Resolution (ADR). The ADR process did not result in resolution of the complaint, and a Notice of Right to File

3

was issued on September 9, 2005. The Complainant filed a formal complaint on September 29, 2005. The complaint was accepted and referred for investigation on October 7, 2005. The complaint was amended on August 17, 2006. An investigation was conducted and a copy of the Report of Investigation (ROI) was provided to the Complainant on February 9, 2007. At the same time, the Complainant was notified that, within thirty (30) days, she could elect a hearing before an EEOC Administrative Judge (EEOC AJ) or a final agency decision (FAD) based upon the evidence of record. On March 2, 2007, the Complainant elected a hearing. However, on August 22, 2007, upon the Complainant's request, the EEOC AJ dismissed the complaint from the hearing process and returned the matter to the Agency for issuance of a final agency decision. On the same date, OAC received the EEOC AJ's Order of Dismissal.[2/]

### Factual Background

The record reflects that, during the relevant period, the Complainant was employed as a Secretary (Office Automation), GS-8, in the Office of Budget and Program Analysis (OBPA), USDA. She explained that her previous EEO activity occurred in 2002 and involved a complaint based on race that was filed against her first line supervisor, who allegedly had threatened to hit her. She stated that the complaint was settled in 2003. The Complainant's first line supervisor was the Deputy Director, OBPA (hereinafter Supervisor #1) (Caucasian, male),[3/] and was the person who selected her for the GS-8 Secretary position. The Complainant identified her second line supervisor at the time she filed the subject EEO complaint and stated that he had since retired (hereinafter Former Supervisor) (no identifying information provided). Subsequently, the Associate Director, OBPA (Caucasian, male) (hereinafter Supervisor #2), became her second line supervisor. During the last six (6) months of 2005, the Complainant was detailed to the Office of the Executive Secretariat (OES), where she was supervised by the Assistant Deputy Director, GS-13 (hereinafter OES Supervisor). (Exh. I).

With respect to her training requests, the Complainant stated that she asked Supervisor #1 whether she could attend administrative training classes at the Graduate School, USDA. She described her interests as classes in the fields of budgeting, legislative and regulatory systems, and computer skills. According to the Complainant, Supervisor #1 denied her request and informed her there was no money in the budget for such training. The Complainant asserted that she challenged Supervisor #1's statement that there was no money for training by showing him evidence that other OBPA employees had enrolled in training, and that in response, he directed another Secretary to alter the employees' calendar to reflect "travel" rather than "training." (Exh. I).

---

[2/]    On August 10, 2007, the EEOC AJ denied the Complainant's motion to amend her complaint to add a claim, based on retaliation, that the Complainant was suspended for three (3) days for insubordination after she allegedly refused to copy documents.

[3/]    In this final agency decision, witnesses' self-descriptions are used to designate categories of race. For each non-witness, the description is that of the witness providing the testimony concerning the non-witness.

4

The Complainant acknowledged that all of her requests for training during the past two (2) years were made verbally, except for her request to attend the Blacks in Government (BIG) Conference in Florida. The Complainant stated that Supervisor #1 denied the request and told her there was a written policy in OBPA not to allow participation in such conferences. She stated that when she spoke with the Former Supervisor regarding the BIG Conference, he told her that OBPA had not ever paid for such a conference and never would. She asserted that she told the Former Supervisor that she was offended but upon concluding the discussion, she extended her hand. She indicated that he hesitated before shaking her hand and, "[a]s I walked away, I looked back and [the Former Supervisor] was wiping his hand on his pants."[4] (Exh. I.)

With respect to her wage disparity claim, the Complainant stated that, at the time of the subject complaint, she and Employee A had the same responsibilities. Both were secretaries for Deputy Directors. The Complainant requested that Supervisor #1 "evaluate my situation and bring my status in line" with that of Employee A. She asserted that Supervisor #1 refused to do so. (Exh. I).

Regarding the nonselection for the GS-9/10 secretarial position, the Complainant stated that she believes the decision was based on race and reprisal. She contended that no African Americans at OBPA had ever been promoted within the organization from a non-professional series to a professional series. In contrast, the Complainant stated that, within the last five (5) years, at least three (3) White secretaries, (4) White female Budget Analysts, and at least five (5) White males were promoted. The Complainant acknowledged that the person selected for the subject vacancy (hereinafter the Selectee) is an African American female. However, the Selectee was working in another USDA agency, not in OBPA, at the time of the selection. (Exh. I).

With respect to her claim that the Agency assigned her job duties to an intern, the Complainant stated that most of her job responsibilities were removed in late 2006. The Complainant asserted that much of her work editing letters, distributing budget materials, and answering the telephone had been assigned to an intern. The Complainant also referred to the Agency's removal of her responsibility for maintaining Time and Attendance (TA) records for six (6) White employees and one Black employee and instead assigning her TA responsibilities for seven (7) new employees, three (3) of whom are African American, two (2) Asian, and two (2) White. The Complainant stated that the change in her timekeeping responsibilities was made immediately following her complaints to the Associate Director that he was requiring her to instruct a Black employee (name but no other descriptive information provided) to attach a leave slip to her TA worksheet but not imposing the same requirement on two (2) White employees (one of whom was identified as a former Secretary who had been promoted to a GS-13 position) (hereinafter identified as Employee B). (Exh. I).

---

[4]    The retired Former Supervisor was not interviewed during the EEO investigation of the subject complaint.

5

The Complainant asserted that Employee B reported to Human Resources an allegation of workplace violence, claiming that the Complainant had threatened her. The Complainant stated that the Director, OBPA, met with her in May 2006 and told her that he believed Employee B's claim and would be issuing the Complainant a letter.[9]

The Complainant stated that, subsequent to her filing the subject complaint, an on-going campaign of reprisal against her has intensified. She gave the example of having been excluded from an all-employees' meeting. She stated that she was embarrassed when some of her co-workers noted her absence and inquired why she was not in attendance. (Exh. I).

In mid-2005, the Complainant was detailed to the Office of the Executive Secretariat (OES). Her supervisor during the detail was the Assistant Deputy Director, GS-13, OES (hereinafter OES Supervisor). The Complainant stated that she believes she was detailed to OES because of her complaints against Supervisor #1, who "wanted to get me out of the way." The Complainant concluded that Employee B pressured the OES Supervisor to criticize her work and "overly scrutinize" her. During the course of the detail, the Complainant saw a copy of an email written by the OES Supervisor that stated OBPA "got rid of her" after the Complainant filed an EEO complaint and expressed concern that the Complainant may file an EEO complaint against her. (Exh. I).

The Complainant stated that in February 2006, when she learned of a potential Program Analyst position with OBPA, she asked Supervisor #1 if she could be detailed or attend a class to obtain training. She stated that he denied her request, even though another OBPA employee (hereinafter Employee C)(Caucasian, female) had been allowed to obtain training, including computer training, in order to prepare for a secretarial position in the front office. (Exh. I).

In August 2006, Supervisor #1 and the Director of the Budget Control and Analysis Division, OBPA (Caucasian, male) (hereinafter Budget Control Director) met with the Complainant regarding her new job responsibilities. The Complainant stated that she was informed that she would serve as the Secretary for Supervisor #1, the Budget Control Director, and another manager (no identifying information provided). The Budget Control Director became her first line supervisor. She objected to being assigned additional duties without additional compensation and asserted that Supervisor #1 was retaliating against her. (Exh. I).

In his response to the Complainant's claims, Supervisor #1 stated that he had not denied the Complainant's requests for training but had instructed her that she would have to document the reasons for taking a course by addressing, for each course, why she wanted to take the course and how the course related to her job. He stated that this was his regular procedure concerning training requests. He noted that the Complainant never

---

[9] The Complainant stated that she had not received any letter related to the alleged incident but had received calls from Human Resources officials. According to the Complainant, the stress of dealing with this matter caused "medical complications" and forced her to miss work for approximately 30 days after meeting with the Director.

6

provided the requested information. With respect to the BIG Conference, Supervisor #1 recalled that he told the Complainant that he would consider her attending the conference if and when it was held locally rather than in a remote location such as Florida. (Exh. J).

Regarding the wage disparity claim, Supervisor #1 stated that Employee C did not report to him and he was not her supervisor. He stated that she reported to the Director and that he understood her GS-9/10 classification was based on her duties. According to Supervisor #1, the Complainant wanted him to add duties to her job descriptions so that she could be classified as a GS-9/10, but that he told her he did not have any additional duties for her job description. However, Supervisor #1 stated that he told the Complainant that he wanted to be certain that she was classified properly and, therefore, initiated a desk audit in 2004. He stated that the Complainant stopped the desk audit. He acknowledged that he had informed her that the desk audit would produce one of three results: increase the grade of the position, leave the grade the same, or lower the grade. (Exh. J).

Supervisor #1 denied that the intern in the office performed any duties that interns had not been performing for years. With respect to the increase in the number of managers for whom the Complainant performed work, Supervisor #1 explained that, during the five (5) years that the Complainant was his Secretary, the secretarial workload decreased significantly because of the increased use of email, less formal letter writing, and fewer incoming telephone calls. He stated that other managers had experienced a similar decline in the secretarial workload and, as a result, a decision was made by management not to fill one of the two (2) secretarial positions when either one became vacant. When the other Secretary in the office left, the Complainant assumed the responsibilities of the position. (Exh. J).

Supervisor #2 provided basically the same explanation for the decision to have only one Secretary for the managers in the office. He stated that circumstances had evolved to the point that the workload was insufficient for two (2) secretaries. Supervisor #2 also stated that many years ago, OBPA had an upward mobility program which allowed employees to enroll in training courses outside of their job descriptions but the program had not been in effect for years. He also provided two (2) examples of African American females who were secretaries and had been promoted to management analyst and administrative officer positions. He stated that a third African American female was promoted from a legislative assistant position to a professional series. (Exh. K).

In response to the claim that the Complainant was excluded from an all-employees' meeting, the Budget Control Director stated that the only employees who needed to attend were the Program and Budget Analysts and other persons directly involved in the budget process. He stated that administrative staff not involved in the budget process did not attend, and acknowledged that he mistakenly sent out an email to everyone regarding the meeting, but stated that the notice was later corrected. The Budget Control Director denied any knowledge of the Complainant's prior EEO complaint. (Exh. L).

7

The Deputy Director of Program Analysis (OBPA) responded that he was the selecting official (hereinafter Selecting Official) (Caucasian, male) for the vacancy for which the Complainant applied. He stated that he was not aware of the EEO activity of the Complainant. He recalled that the position was advertised on three (3) separate occasions, and that the first two (2) Vacancy Announcements resulted in three (3) or four (4) candidates, which included White and Black applicants, being referred to him for interviews. He stated that he concluded after the interviews that none of the candidates had the skills that he was seeking, which were strong technical and clerical skills and professionalism. The Selecting Official stated that he selected a candidate from the third Vacancy Announcement and that the Selectee is an African-American female. (Exh. M).

A Human Resources Specialist, GS-13 (Native American, male) stated that the Complainant's name was on the Merit Promotion list for both the second and third Vacancy Announcements. (Exh. M.) *(sic)*.

The OES Supervisor explained that OES was assigned a special project associated with the Farm Bill and anticipated a lot of correspondence would be generated. She stated that OES hired four (4) temporary employees, and the Complainant received a temporary promotion to the GS-9 grade level detailing her to lead these employees. She stated that the Former Supervisor approached her supervisor, told him that Supervisor #1 was having problems with the Complainant, and then "discussed the matter with me" and the OES Supervisor's supervisor. The OES Supervisor stated that "we thought that this situation presented an opportunity for [the Complainant] to pick up additional skills." (Exh. N).

However, the OES Supervisor asserted that the Complainant did not follow instructions and, as a result, frequent errors were occurring. She stated that when she attempted to have discussions with the Complainant, she became argumentative and combative and eventually complained to the Director, OES, who "decided to replace me on the special project." According to the OES Supervisor, her replacement soon began to experience similar problems with the Complainant. (Exh. N).

The OES Supervisor did not deny that she sent an email stating the following:

> [The Complainant] will probably file a harassment claim against me. She's talking about all kinds of evidence that she has against me. OBPA got rid of her because she just filed an EEO claim against them when they would not let her go to BIG. (Exh. N).[6]

She described this email as a confidential document that she sent to the OES Director as part of a discussion between them concerning the Complainant's job-related performance

---

[6] The record does not include a copy of the email. This version of the email is what the EEO Investigator included in the record as his having read to the OES Supervisor. The slightly different version listed under "Issues" was quoted in a letter to OAC by the Complainant's attorney.

8

and conduct. She asserted that she believed that the Complainant "broke into my computer" to obtain confidential information. The OES Supervisor stated that the Complainant approached her concerning the email and told her it was slanderous. She also stated that she immediately reported the incident to her supervisor and the OES Director. ( Exh. N).

The OES Supervisor stated that the Complainant had been assigned the task of reviewing the assembly of Boy Scout certificates and letters for filing, and that once the task was completed, the documents were given to a Mail/File Clerk (female, no information regarding race provided) (hereinafter Clerk), who discovered that the documents were not assembled correctly. When the Clerk reported this information to her, the OES Supervisor was away from her work station. The Clerk placed the documents on the floor in the work station because the desktop was covered with other materials. At a later point, the Complainant went to retrieve the documents at the request of the OES Supervisor. The OES stated that when the Complainant saw that the documents were on the floor, she called the OES Supervisor while she was away from her work station and told her that she was not going to pick up the documents from the floor because she was not a dog and she was not being treated with respect. The OES Supervisor termed the Complainant a "complainer" who frequently complained about Supervisor #1 while she was on the detail. Despite the difficulties described by the OES Supervisor, she gave the Complainant a rating of "Fully Successful." (Exh. N).

In rebuttal to management's comments, the Complainant stated the following: Supervisor #1 never requested that she prepare a written justification for proposed training; she still believes other OBPA employees were allowed to take training that was non-job related in order to prepare for promotions; the work she was assigned to do by herself requires two (2) secretaries; Supervisor #1 threatened that he could lower her to a GS-7 grade level as a result of the audit and therefore she told the person who was scheduled to perform the audit that she had concerns about the job description, which had been altered after agreed-upon by Supervisor #1; she believes the Selecting Official's decision not to select her for the subject vacancy was influenced by Supervisor #1; and the OES Supervisor should not have been privy to information regarding Supervisor #1's denial of her training. (Exh. O).

The record includes the applications for the GS-9 position submitted by the Complainant and the Selectee. The Complainant's application reflects that she scheduled appointments, arranged meetings, provided administrative and clerical supports to staffs under the supervision of the Deputy Director; logged and tracked correspondence; reviewed, typed, and edits reports, correspondence and other documents; responds to telephone calls of a non-technical nature; prepared TA audits and completed biweekly reports; and assisted Budget Analysts with special projects. (Exh. W). The Selectee's application reflects that, as an Executive Assistant to Associate Deputy Administrators in USDA's Agricultural Marketing Service, she reviewed all incoming and outgoing correspondence reviewed and edited all outgoing correspondence; prepared daily reports for the Deputy Administrator regarding daily activities and deadline requirements; interacted with high-level officials, agency heads, and all levels of staff and management;

9

coordinated and prepared travel authorizations, training forms, TA reports; and conducted monthly correspondence meetings to train branch employees regarding administrative correspondence and advise them on Departmental regulations and procedures. (Exh. X).

## Analysis and Findings

In any proceeding, either judicial or administrative, involving a charge of discrimination, the complainant has the burden to initially establish that there is some substance to her allegation of discrimination. In order to meet this burden, the complainant must establish a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). This means that the complainant must present a body of evidence, such that were it not rebutted, the trier of fact could conclude that unlawful discrimination did occur.

If the complainant meets her burden of presenting a prima facie case, then the agency has a burden of production to articulate some legitimate, nondiscriminatory reason for its actions. If the agency meets its burden, the complainant then has the burden to demonstrate that the reason articulated is, in actuality, a pretext for discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). As the Supreme Court has reiterated, the complainant's ultimate burden of persuasion is to prove that unlawful discriminatory animus motivated the agency's actions. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

To establish a prima facie case of reprisal, a complainant must show: (1) that she engaged in protected opposition to discrimination or participated in a Title VII or other antidiscrimination proceeding; (2) that she received adverse treatment from the agency; and (3) that there was a causal connection between the protected activity and the adverse treatment. Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1354 (9th Cir. 1984). The anti-retaliation provision covers employer actions that would have been materially adverse to a reasonable person. Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405, 2414-15 (2006).

In a nonselection claim, a complainant can state a prima facie case of discrimination by showing (1) that she is a member of a protected group; (2) that she was qualified for the position; (3) that she was not selected for the position; and (4) someone outside of her protected class was selected. See Williams v. Department of Education, Request No. 05970561 (August 6, 1998). In a nonselection case, pretext may be demonstrated by a showing that complainant's qualifications are observably superior to those of the selectee. Bauer v. Bailer, 647 F.2d 1037, 1048 (10th Cir. 1981).

Although the initial inquiry in a discrimination case usually focuses on whether the complainant has established a prima facie case of discrimination, following this order of analysis is unnecessary when the agency has articulated a legitimate, nondiscriminatory reason for its actions. In such cases, the inquiry shifts from whether the complainant has established a prima facie case to whether he has demonstrated by a preponderance of the evidence that the agency's reasons for its actions were merely a pretext for

discrimination. Washington v. Department of the Navy, EEOC Petition No. 03900056 (May 31, 1990).

Training

The Agency articulated legitimate, nondiscriminatory reasons for denying the training that was requested by the Complainant. Supervisor #1 explained that he requested that the Complainant explain in writing why she wanted to take a particular course and how the course related to her job and that she never provided the information. With respect to the EEO Conference, Supervisor #1 told her that he would consider her attending in the future, if and when the conference was held locally. In her rebuttal, the Complainant denied that Supervisor #1 requested a written justification for her proposed training and that other OBPA employees were allowed to enroll in training that was not job-related. We find that the Complainant has not demonstrated by a preponderance of the evidence that the Agency's reasons for denying her training were unbelievable or pretextual.

Wage Disparity

The Agency proffered legitimate, nondiscriminatory reasons for the difference in wages of the Complainant and Employee C, who was classified at a higher grade than the Complainant. Supervisor #1 stated that Employee C reported to the Director, not to him, and that her classification at the GS-9/10 grade level was based on her duties. Supervisor #1 also explained that he initiated a desk audit of the Complainant's position to determine if she was classified properly, but the Complainant halted the audit. In rebuttal, the Complainant contends that Supervisor #1 threatened that he could lower her grade after the audit. Again, we find that the Complainant has failed to show that the Agency's articulated reasons for the difference in compensation for the Complainant and Employee C were unbelievable or pretext for discrimination.

Nonselection

First, we note that the Selectee is in the same protected categories (African American female) as the Complainant, and the Selecting Official stated that he was unaware of the Complainant's EEO activity. Even assuming arguendo that the Complainant could establish a prima facie case of discrimination, we find that the Agency has proffered legitimate, nondiscriminatory reasons for its selection. The Selecting Official stated that he was seeking strong technical and clerical skills and professionalism. A comparison of the applications of the Complainant and the Selectee show that the Selectee had been responsible for tasks that the Complainant did not list as job duties. The Selectee had prepared daily reports for a Deputy Administrator, interacted with agency heads and all levels of management and staff, and conducted monthly training sessions for other employees regarding administrative correspondence. Although the Complainant contends that the Selecting Official's decision not to select her for the subject vacancy was influenced by Supervisor #1, she proffered no evidence to support her claim. Based on the evidence of record, we find that the Complainant has failed to show that the

11

Selecting Official's articulated reasons for his decision are not believable or are pretextual.

<u>Assignment of Duties</u>

The Complainant contends that, initially, the Agency eliminated some of her job duties by giving them to an intern, and then placed her in a position that combined two (2) jobs into one, without compensating her for the increase in duties. In proffering legitimate, nondiscriminatory reasons, the Agency explained that it assigned the same duties to the intern that always were assigned to interns, and that it eliminated a secretarial position and assigned the Complainant additional duties because there had been a significant decrease in secretarial duties as more communication occurred via email directly to and from management. In rebuttal, the Complainant argues that two (2) secretaries still are needed to perform the work now assigned to her. After a review of the record, we find that the Complainant has not met her burden of demonstrating that the Agency's reasons for its decisions were not believable or were pretextual.

<u>Harassment and Hostile Work Environment</u>

The Complainant contends that she was subjected to harassment that created a hostile work environment when the Agency took various actions. She considered herself "excluded" from a meeting, but the Agency stated that the meeting was only for program and budget analysts and other employees directly involved in the budget process. She claimed that her requests to update her position description to reflect her current duties were denied, while the Agency maintains that the Complainant chose not to proceed when it initiated a desk audit.

She asserted that she was detailed to OES for a special project so that Supervisor #1 could "get me out of the way." While the OES Supervisor claimed that she and the Former Supervisor at OBPA viewed the detail as an opportunity for the Complainant to acquire new skills, the OES Supervisor wrote in an email that "OBPA got rid of her because she just filed an EEO claim against them when they would not let go to BIG." During the investigation, no one with OBPA was asked about the detail. The language of the email supports the Complainant's claim that she was detailed because of her EEO activity. However, it is not inconsistent for the Agency to have taken into consideration the Complainant's EEO complaint when it decided to offer her a temporary position with OES that represented a promotion. The evidence indicates that, subsequent to her noting problems with the Complainant's work and having a discussion regarding the Complainant's refusal to retrieve documents from the floor, the OES Supervisor may well have seen the detail from a different perspective when she wrote the email than she did at the detail's inception. Moreover, given that the Complainant did not originally allege that she was detailed based on discrimination or retaliation, it appears that the Complainant's perception of the detail changed from seeing the temporary promotion as an opportunity to viewing it as part of her alleged maltreatment at the hands of Supervisor #1. Based upon a careful review of the record, including the Complainant's objection to picking up a file from the floor, we find that the Complainant has not shown

that she was subjected to any adverse treatment that rose to the level of harassment based upon her race or sex or in reprisal for her EEO activity.

## Conclusion

The weight of the evidence indicates that discrimination did not occur with respect to the allegations of this complaint. Accordingly, no order of relief or corrective action is warranted in this matter.

### Appeal Rights

This is the final decision of the USDA on the cited complaint. The following are the only rights available to challenge this decision.

### APPEAL TO THE EEOC

A Notice of Appeal may be filed with the EEOC within thirty (30) calendar days after receipt of this final decision. EEOC Form 573, Notice of Appeal/Petition, should be used in filing the appeal, as well as what is being appealed should be indicated in the form. A copy of EEOC Form 573 is provided with this decision. Such notice should be addressed to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848
> Washington, DC 20036

As an alternative to mailing, your appeal may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> 1801 L Street, N.W.
> Washington, DC 20507

As an alternative, you may also send your appeal by fax to the Office of Federal Operations at (202) 663-7022.

If there is an attorney of record, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of receipt of this decision by the attorney. In all other cases, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of your receipt of this decision.

The appeal shall be deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by the EEOC.

13

At the same time information is provided to the EEOC (to include a copy of the Notice of Appeal and any submissions in support of the appeal), there must be a service certification that a copy of the submission has been submitted to the Civil Rights Services Division and the date and method of service. A copy of the appeal and any submissions in support thereof shall be forwarded to the agency at the following address:

USDA – Office of Adjudication and Compliance
Chief, Civil Rights Services Division
1400 Independence Ave., S.W.
Washington, D.C. 20250-9410

Please note that, if your appeal is not filed within the thirty (30) calendar day time limit, the appeal may be dismissed by the EEOC. However, the EEOC may, at its discretion, extend the time limits and accept the appeal based upon a written statement that there was no actual notification of the time limit, or that a timely Notice of Appeal could not be filed, due to extenuating circumstances.

Any statement or brief in support of your appeal must be submitted to the EEOC within thirty (30) calendar days of filing the Notice of Appeal. The EEOC, Office of Federal Operations accepts statements or briefs in support of appeals by facsimile transmittal, provided that they are no more than ten (10) pages long.

Any statement or brief in opposition to your appeal must be submitted to the EEOC and served on you (or your attorney of record, if represented by an attorney) within thirty (30) calendar days of receipt of the statement or brief supporting the appeal, or if no statement or brief supporting the appeal has been filed, within sixty (60) calendar days of receipt of the appeal.

It is the responsibility of USDA to submit the entire complaint file to the EEOC, Office of Federal Operations, within thirty (30) calendar days of initial notification that an appeal has been filed.

## CIVIL ACTION IN FEDERAL DISTRICT COURT

You also have the right to file a civil action in an appropriate United States District Court. If you choose to file a civil action, you may do so:

(1) within ninety (90) days of receipt of this final decision if no appeal has been filed
or

(2) within ninety (90) days after receipt of the EEOC's final decision on appeal; or

(3) after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

14

You must name the person who is the official agency head or department head as the defendant. Agency or department means the national organization, and not just the local office, facility, or department in which you might work. Do not name just the agency or department. In your case, you must name Mike Johanns, Secretary of Agriculture, as the defendant. You must also state the official title of the agency head or department head. Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

If you decide to file a civil action, under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date you receive the final decision by USDA or an EEOC decision on appeal.

Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in the dismissal of your civil action. Filing a civil action under 29 C.F.R. §1614.407 or §1614.408 shall terminate processing an appeal before the EEOC. If a civil action is filed subsequent to filing an appeal with the EEOC, the parties are requested to notify the EEOC in writing.

_____
Michael G. Watts
Director

_____
Date

## U.S. DEPARTMENT OF AGRICULTURE
## OFFICE OF ADJUDICATION AND COMPLIANCE
### Complaint of Employment Discrimination

Complainant:        Keisha Whitlock

Complaint No.:      CRSD-2005-00548

Office:             Office of Budget and Program Analysis

### Certificate of Service

I certify that the documents listed were sent on this date by certified mail (unless otherwise specified) to:

Complainant:                        Keisha Whitlock
                                    305 Emerson Street, NW
                                    Washington, DC 20210

Complainant's Representative:       Nathaniel D. Johnson
                                    Law Firm of Nathaniel D. Johnson, LLC
                                    3475 Leonardtown Road, Suite 200
                                    Waldorf, MD 20602

Office Head:                        W. Scott Steele
                                    Director
                                    Office of Budget and Program Analysis
                                    Whitten Building, Room 101-A

Agency Liaison:                     Sherri Schilling (interoffice mail)
                                    Chief, Labor/Employee Relations &
                                        Litigation Branch
                                    Office of Human Capital Management
                                    Departmental Administration
                                    Whitten Building, Room 27-W


Enclosures:    Final agency decision dated NOV 1 9 2007
               Form 573 (to the complainant and representative only)

Certified by: _____    Date: Nov. 19, 2007

Mar. 7. 2008 1:23PM 756 7112    MSPB-WRO    No. 6790 P. 2/8



*Please type or print legibly.*                                OMB No. 3124-0009

**1.** Name (last, first, middle initial)

whitlock, keisha, E.

**2.** Present Address (number and street, city, state, and zip code)

Address:                 906 emerson street, n.w.

City, State, Zip Code:    washington, District of Columbia, 20011, United States of America

**3.** Telephone numbers (include area code) and E-Mail Address
You must notify the Board in writing of any change in your telephone number(s) or e-mail address while your appeal is pending.

Home (202) 291-1171    Work        Fax:        Other

E-mail Address                        Other Phone Type Home

**4.** Do you wish to designate an individual or organization to represent you in this proceeding before the Board? (You may designate a representative at any time. However, the processing of your appeal will not normally be delayed because of any difficulty you may have in obtaining a representative.)

☑ Yes                                    ☐ No

**5.** Name and address of the agency that made the decisions or took the action you are appealing (include bureau or division, street

Agency Name:    Department of Agriculture
Bureau:          Office of Budget and Program Analysis
Address:         james whitten building
City, State, Zip code:    washington, District of Columbia, 20250, United States of America

**6.** Your Federal employment status at the time of the decision or action you are appealing:

☐ Temporary  ☑ Permanent  ☐ Applicant
☐ Term  ☐ Retired  ☐ Seasonal
☐ None

**7.** Type of appointment (if applicable):

☑ Competitive  ☐ SES  ☐ Excepted
☐ Postal Service  ☐ Other

**8.** Your occupational series, position title, grade, and duty station at the time of the

Occupational Series  0318      Position Title  Secretary
Grade:  GS 8          Duty Station:  office of budget and

**9.** Are you entitled to veteran's preference?
See 5 U.S.C. 2108.

☐ Yes  ☑ No

**10.** Length of Government Service (if applicable):

7  Years  0  Months

**11.** Were you serving a probationary or trial period at the time of the decision or action you are appealing?

☐ Yes  ☑ No

Appeal Number: 209200857
Submission Date: 2/29/2008 2:03:35 PM
Confirmation Number: 14835

MSPB Form 185-1, Page 1 (6/1/200 )
5 CFR Parts 1201, 1208, and 1209

EXHIBIT
9

p.2    202-690-4864    Wolff Coulomb



MERIT SYSTEMS PROTECTION BOARD FORM 185-1

*Please type or print legibly.*

**HEARING:** You may have a right to a hearing before an administrative judge. If you choose to have a hearing, the Board will notify you when and where it is to be held. If you do not want a hearing, the Board will make its decision on the basis of the

12.   ☑ Yes     ☐ No

**E-Filing:** Registration as an E-Filer enables the appellant to file any or all of his/her pleadings with the Board in electronic form. Registration also means he/she consent to accept service of all pleadings filed by other registered E-Filers and all documents issued by the Board in electronic form. he/she will receive these as PDF documents at the e-mail address you provided the Board. If registered as an E-Filer, he/she may file any pleading, or portion of a pleading, by non-electronic means. The appellant can withdraw his/her registration as an e-filer at any time.

13.

☐ Elect to E-file for appellant       ☑ Decline to E-file for appellant

14. I certify that all of the statements made in this form and all attached forms are true, complete, and correct to □ the best of my knowledge and belief.

nathaniel david johnson, Appellant's Representa                  Date:

Appeal Number: 200809657            MSPB Form 185-1, Page 2 (8/1/200 )
Submission Date: 2/29/2008 2:03:33 PM        5 CFR Parts 1201, 1208, and 1209
Confirmation Number: 14828

**MERIT SYSTEMS PROTECTION BOARD FORM 185-2**

Please type or print legibly.

OMB No. 3124-0009

Name *(last, first, middle initial)* whitlock, keisha, E.

**1.** Check the box that best describes the personnel action or decision taken by the agency you named in MSPB Form 185-1 that you are appealing. (If you are appealing more than one action or decision, check each box applies.) Attach a copy of the decision letter (if any). If an SF-50 or its equivalent was issued and is available, attach it now; however, DO NOT delay filing your appeal because you do not have an SF-50. You may submit the SF-50 when it becomes available.

Termination of Employment   (You may select only one of the following four personnel actions.)

- [x] Removal (Termination after probationary or initial service period)
- [ ] Termination during probationary or initial service period
- [ ] Involuntary Resignation
- [ ] Involuntary Retirement
- [ ] Reduction in grade or pay
- [ ] Suspension for more than 14 days
- [ ] Separation, demotion, or furlough for more than 30 days by reduction in force (RIF)
- [ ] Furlough of 30 days or less
- [ ] Denial of within-grade increase
- [ ] Failure to restore/reemploy/reinstate or improper restoration/reemployment/reinstatement
- [ ] Negative suitability determination
- [ ] Other action

| **2.** Date you received the agency's proposal letter (if any) (month, day, year) | **3.** Date you received the agency's final decision letter (if any) (month, day, year) (Attach a copy) | **4.** Effective date (if any) of the agency action or decision (month, day, year) |
|---|---|---|
| 01/30/2008 | 02/01/2008 | 03/03/2008 |

2/1/08

**5.** Prior to filing this appeal, did you and the agency mutually agree in writing to try to resolve the matter through an alternative dispute resolution (ADR) process?

- [ ] Yes
- [x] No

**6.** Explain briefly why you think the agency was wrong in taking this action or making this decision.

Appellant was wrongfully terminated based upon the overwhelming evidence. Appellant has anaged in protected activity in the forum of EEO and Office of Inspector General. Thus, Appellant, we contend, was terminted due to retaliatory conduct.

**7.** What action would you like the Board to take in this case (i.e., what remedy are you asking for)?

Reinstatement of employment; monetary damages; reassignment away from the individuals responsible for the underlying actions.

Appeal Number: 2008000657
Submission Date: 2/29/2008 2:03:35 PM
Confirmation Number: 14635

MSPB Form 185-2, Page 1 [ 8/1/2007 ]
5 CFR Parts 1201, 1208, and 1209

## MERIT SYSTEMS PROTECTION BOARD FORM 185-2
### Appeal of Agency Personnel Action or Decision (Non-retirement)

*Please type or print legibly.*

**8.** With respect to the agency personnel action or decision you are appealing, have you, or has anyone on your behalf, filed a grievance under a negotiated grievance procedure provided by a collective bargaining agreement?

☐ Yes     ☑ No

**9.** If your answer to question 8 is "Yes," on what date was the grievance filed (month, day, year)?

NOT APPLICABLE

**10.** If your answer to question 8 was "Yes," has a decision on the grievance been issued?

NOT APPLICABLE

You may raise certain other claims in connection with an appeal of an agency personnel action or decision. Such claims must be raised no later than the close of the pre-hearing conference on your appeal. See 5 CFR 1201.24(b) If you wish to raise any of these claims at this time, complete and attach the appropriate form as described below. Please review the instructions for these forms—and the laws and regulations cited below—carefully. Remember that you are responsible for proving each claim you raise.

**MSPB Form 185-4A**—For claims that the agency made mistakes in applying required procedures (harmful error) or that the agency violated a law in taking the action or making the decision. See 5 CFR 1201.56(b)(1), (b)(3), and (c)(3). DO NOT use this form for claims of a violation of law for which another form is provided; instead, use the appropriate form described below.

**MSPB Form 185-4B**—For claims that the agency action or decision was the result of prohibited discrimination (race, color, religion, sex, national origin, disability, age). See 5 CFR 1201.151 and 1201.153.

**MSPB Form 185-4C**—For claims that the agency action or decision was the result of a prohibited personnel practice. See 5 U.S.C. 2302(b) and 5 CFR 1201.56(b)(2). DO NOT use this form for whistleblower or veterans' preference claims; instead, use the appropriate form described below.

**MSPB Form 185-5**—For claims that the agency action or decision was based on whistleblowing. See 5 U.S.C. 2302(b)(8), 5 CFR 1209.2(b)(2), and 5 CFR 1209.6(a). (You may also request that the Board stay the action or decision by completing and attaching MSPB Form 185-6. See 5 CFR 1209.8 and 1209.9.)

**MSPB Form 185-7**—For claims that the agency violated your rights under USERRA (other than rights related to the Thrift Savings Plan for Federal employees) in taking the action or making the decision. See 38 U.S.C. 4324, 5 CFR 1208.11, and 5 CFR 1208.13.

**MSPB Form 185-8**—For claims that the agency violated a law or regulation relating to veterans' preference in taking the action or making the decision. IMPORTANT: If you choose to make your veterans' preference claim in connection with this appeal of an agency action or decision, you may NOT also file a VEOA complaint with the Secretary of Labor. See 5 U.S.C. 3330a(e) and 5 CFR 1208.25.

Appeal Number: 200908857
Submission Date: 2/29/2008 2:03:36 PM
Confirmation Number: 14835

MSPB Form 185-2, Page 2 ( 8/1/200 )
5 CFR Parts 1201, 1208, and 1209

# MERIT SYSTEMS PROTECTION BOARD FORM 185-4B

## Claims of Prohibited Discrimination

[illegible]

*Please type or print legibly.* OMB NO. 3124-000

**Name (last, first, middle initial)** whitlock, keisha, E.

Discrimination - An allegation of discrimination is not an independent source of Board jurisdiction. The underlying action must first be within the Board's jurisdiction before an allegation of discrimination may be considered by the Board. See 5 CFR 1201.151.

1. Check the appropriate box (or boxes) below to indicate the basis (or bases) of your claim that you are discriminated against by the agency in connection with the action or decision you described in MSPB Form 185-2 or MSPB Form 185-3.

☑ Race ☑ Color ☐ Religion ☐ Sex ☐ National Origin ☑ Disability ☐ Age

2. If you believe you were discriminated against by the agency, in connection with the matter appealed, because of your race, color, religion, sex, national origin, disability, or age, explain why you believe it to be true.

Appellant can identify same and similar individuals whom were not charged or accused with the underlying actions resulting in her termination/removal.

3. Have you filed a formal discrimination complaint with your agency concerning the action you are appealing?

☑ Yes ☐ No

4. If your answer to question 3 is "Yes", enter the place where the complaint was filed if different from your answer to question 5 on MSPB Form 185-1:

Agency name: Department of Agriculture
Bureau: Office of Budget and Program Analysis
Address: james whitten building
City, State, Zip code: washington, District of Columbia, 20250, United States of

5. Date filed (month, day, year): 02/29/2008

6. Has a decision been issued? ☐ Yes ☑ No

**REQUEST FOR COMPENSATORY DAMAGES**

7. Are you requesting an award of compensatory damages in connection with your discrimination claim? See 5 CFR 1201.202(c).

☑ Yes ☐ No

Appeal Number: 200800087
Submission Date: 2/29/2008 2:03:38 PM
Confirmation Number: 14635

MAR. 7. 2008  1:26PM  756 7132        MSPB-WRO                    No. 6790   P. 7/8



A representative helps and counsels a party in the preparation, presentation, or defense of the case. The representative appears with, or for, the party at hearings, settlement discussions, teleconferences, or other proceedings before the Board. The representative does not have to be an attorney. You may proceed without a representative and represent yourself. You may use this form to designate an organization or a person who has agreed to represent you in your case before the Board. If you are representing yourself, you do not need to fill out this form. (The Board's regulations on representatives are found at 5 CFR 1201.31.) By designating a representative, you agree to allow the Board to give your representative all information concerning the appeal.

The address and telephone number of the representative must be correct so that all communications are received on time by the representative. Any changes of this designation must be sent in writing to the MSPB office handling the case and to the other party.

If you file this designation WITH your appeal, the Board will send a copy of the designation, along with a copy of your appeal, to the other party. If you file this designation AFTER you have filed your appeal, you MUST send a copy to the other party and you MUST send proof to the Board that you have sent a copy to the other party.

---

*Please type or print legibly.*                                    OMB No.  3124-0009

DESIGNATION: The individual or organization named below is hereby designated to represent:

NAME AND ADDRESS OF APPELLANT:

"I hereby designate **johnson, nathaniel, D.** _____ to serve as my representative during the course of this appeal. I understand that my representative is authorized to act on my behalf. In addition, I specifically delegate to my representative the authority to settle this appeal on my behalf. I understand that any limitation on this settlement authority must be filed in writing with the Board."

| Representative's address (number and street, city, State and Zip | Representative's telephone numbers (include area code) | |
|---|---|---|
| Address: **201 Centennial Street, A-2 P.O. Box** | Office: | **(301) 645-9103** |
| City, State, Zip: **LaPlata, Maryland, 20646, United** | Fax: | **(301) 861-0411** |
| | Other: | **(240) 412-8757** |
| Representative's employer name: **The Law Firm of Nathaniel D. Johnson** | Other Phone Type: | **Mobile** |
| Representative's Entity Type **Private Attorney** | E-mail Address: | **nathanielesquire@aol.com** |

Service Method for Representative :

☑ Electronic Filing            ☐ US Postal Mail

keisha E. whitlock

_____          _____
Appellant's Signature                   Date

Appeal Number:  2008000647                    MSPB Form 185-9 ( 6/1/200 )
Submission Date: 2/29/2008 2:03:15 PM          5 CFR Parts 1201, 1208, and 1209
Confirmation Number: 14635

---

P.7                  202-690-4864              Wolff Coulombe           Mar 19 08 04:22p

Mar. 7. 2008. 1:26PM  738 7112     MSPB-WRO     No. 6790   P. 8/8

# e-Appeal Attachment Transmittal

Appeal Number:        200800657
Appellant Name:       ms. keisha e whitlock
Agency Name:          Department of Agriculture

Please check the box for each document included with this transmittal.

| | Name of Attachment | Attachment Processing Status | File Name/Delivery Method |
|---|---|---|---|
| ☐ | Designation of Representative Form | Submit in paper form (mail, fax or other method) | U.S. Postal Mail |
| ☐ | Agency Decision Letter | Submit in paper form (mail, fax or other method) | U.S. Postal Mail |
| ☐ | SF-50, Notification of Personnel Action | Document not available or not applicable | N/A |

Send documents to be submitted in paper form to:
Washington DC Regional Office
1800 Diagonal Road Suite 205
Alexandria, Virginia 22314-2840
United States of America

Phone: (703) 756-6250
Fax: (703) 756-7112

Appeal Number: 200800657        Attachment Transmittal Sheet
Submission Date: 2/29/2008 2:03:55 PM
Confirmation Number: 44635                                Page 1